Mitchell D. LOWREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 369–86.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1988.

Larry P. King, Quitman, for appellant.

Marcus D. Taylor, Dist. Atty., and Henry G. Whitley, Asst. Dist. Atty., Quitman, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of aggravated sexual assault and assessed punishment at fifty years confinement in the Texas Department of Corrections. The conviction was affirmed on direct appeal in an unpublished opinion by the Texarkana Court of Appeals. *Lowrey v. State*, No. 6–85–077CR (Tex.App.—Texarkana, February 14, 1986) (not reported).

On direct appeal, appellant claimed in his sole ground of error that the trial court erred in allowing into evidence a videotaped recording of an interview with the six-year-old complainant, R___ L___, for the specific reason that the introduction of the videotaped testimony violated his Sixth Amendment right to confront and cross-examine the witnesses against him. The complainant did not testify at trial in person. Relying on *Mallory v. State*, 699 S.W.2d 946 (Tex.App.—Texarkana 1985, *pet. granted* ), the Court of Appeals rejected appellant's constitutional claim, stating that the court had previously held that Art. 38.071, V.A.C. C.P. does not violate the confrontation clause of the Sixth Amendment if the witness is available at trial for cross-examination. The appellant's Petition for Discetionary Review was granted to review the correctness of that holding.

In light of our decision in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), we find that the Court of Appeals erred in holding no error occurred.

In *Long*, supra, the child-complainant did not testify during the State's case in chief, but did testify for the State as a rebuttal witness. Here, the child-complainant never testified at all. The State's case in chief began with the testimony of the complainant's mother, continued with testimony from law enforcement and child welfare authorities, and culminated with the presentation of the videotaped interview before the jury. Although the record reflects that appellant was given the opportunity to call and cross-examine the complainant, he chose not to do so. However, in *Long*, supra, this Court held that forcing a de-

fendant to call a child-complainant to testify in order to cross-examine that individual creates a risk of inflaming the jury against a criminal defendant and also unfairly requires a defendant to choose between his right to cross-examine a complaining witness and his right to rely on the State's burden of proof in a criminal case.

Recently, the Supreme Court of the United States was confronted with an issue conceptually similar to that before this Court today. In the case of *Coy v. Iowa,* —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the appellant was convicted of two counts of lascivious acts with a child after a jury trial in which a screen placed between appellant and the two complainant-children blocked him from their sight. Appellant appealed, contending that the procedure, authorized by state statute, violated his Sixth Amendment right to confront the witnesses against him. A majority of the Court, with Justice Scalia writing, agreed with that contention:

> The remaining question is whether the right to confrontation was in fact violated in this case. The screen at issue was specifically designed to enable the complaining witness to avoid viewing appellant as they gave their testimony, and the record indicates that it was successful in this objective. It is difficult to imagine a more obvious or damaging violation of the defendant's right to a face-to-face encounter.[1]

Of course, in the case at bar, we are not faced with a procedure where the complaining witness was hidden from appellant's view; the child was never called to the stand in the first place.

Given this Court's opinion in *Long,* supra, and the federal claim presented by appellant addressed in *Coy,* supra, we grant appellant's petition for discretionary review, vacate the judgment of affirmance by the Court of Appeals, and remand this case to that court to determine the harmfulness of the introduction of the videotape

in light of the entire record of the trial. See *Coy v. Iowa,* —— U.S. ——, ——, 108 S.Ct. 2798, 2802–03, 101 L.Ed.2d 857 (1988). See also *Mallory v. State,* 752 S.W.2d 566 (Tex.Crim.App.1988); Tex.R.App.Pro.Rule 81(b)(2).

---

1. The Supreme Court left open the question whether certain exceptions to the Sixth Amendment clause "a right to meet face to face all those who appear and give evidence at trial" may exist, but the majority opined that any such exception would have to be "firmly rooted" in our jurisprudence. *Coy v. Iowa,* —— U.S. at ——, 108 S.Ct. at 2802–03.