**Mitchell D. LOWREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–077–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 6, 1988.

Rehearing Denied Dec. 28, 1988.

Larry P. King, Quitman, for appellant.

Marcus D. Taylor, Co. Atty. of Wood County, Quitman, for appellee.

## ON REMAND

CORNELIUS, Chief Justice.

Mitchell D. Lowrey was convicted of aggravated sexual assault of a child and assessed punishment of fifty years' confinement. The victim, R___ L___, was Lowrey's six year old stepson.

On original submission we overruled Lowrey's sole contention, which was that it was error to admit in evidence a videotaped statement of the child victim. The Court of Criminal Appeals reversed our judgment, holding that the admission of the videotape violated Lowrey's constitutional rights to be confronted by the witnesses against him. *Lowrey v. State*, 757 S.W.2d 358 (Tex.Crim.App.1988). The case is now before us on remand to determine if the error in admitting the videotape was harmful under Tex.R.App.P. 81(b)(2) so as to require that Lowrey be afforded a new trial. *Lowrey v. State*, supra; *Mallory v. State*, 752 S.W.2d 566 (Tex.Crim.App.1988).

Rule 81(b)(2) requires that we review the record to determine if the error was harmful. It is proper to find the error harmless only if, in light of the entire record, we determine beyond a reasonable doubt that it made no contribution to the conviction or the punishment. *Mallory v. State*, supra.

The evidence produced by the videotape here added virtually nothing to the State's case except some details concerning the manner of the commission of the offense. R___ L___'s mother testified in detail about how he and his brother told her of Lowrey's acts on them, including anal intercourse on R___ L___; how she had twice taken R___ L___ to doctors to investigate the reported incidents; and how on one occasion she had found in R___ L___'s underwear a mixture of feces and "sperm." All of this evidence was admitted without objection.[1] Additionally, a psychologist who interviewed R___ L___ and a medical doctor who examined him testified. The psychologist testified that R___ L___ exhibited all the characteristics of a sexually abused child as indicated by standard psychological tests, and that in one spontaneous drawing test R___ L___, in response to a request that he draw a person, drew a human figure with an erect male sex organ with an X superimposed over it. The psychologist testified that the response was rare and very significant in the context of the allegations of sexual abuse against R___ L___. The medical doctor testified that R___ L___'s anus was irritated and bruised in a manner that would indicate the type of sexual abuse which had been charged against Lowrey. All of this evidence, together with other evidence of guilt, came in without any objection and was not disputed. There was no evidence or contention that any other person had access to R___ L___ or an opportunity to have committed the sexual acts alleged. The only defense evidence was Lowrey's testimony in which he denied that he committed the acts.

In view of the overwhelming evidence that the acts occurred and that Lowrey was the perpetrator, we find beyond a reasonable doubt that the videotape of R___ L___, which simply reiterated the testimony and demonstrated the physical acts,

---

1. The fact that some of this evidence was hearsay does not deprive it of probative weight in determining the sufficiency of the evidence.

*Chambers v. State*, 711 S.W.2d 240 (Tex.Crim. App.1986).

did not contribute to the conviction or the punishment. The error in admitting the videotape was therefore harmless.

For the reasons stated, the judgment of the trial court is affirmed.

BLEIL, Justice, dissenting.

The victim did not testify at trial except by way of the videotape which was presented at trial, in violation of Lowrey's constitutional right to be confronted by the witnesses against him. *Lowrey v. State*, 757 S.W.2d 358 (Tex.Crim.App.1988); *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987).

The test for harmless error is in Tex.R. App.P. 81(b)(2). Given the existence of error, the first of three progressive steps is taken; the second step obligates this Court to reverse the judgment; the third obviates the necessity of reversing the judgment only if we determine beyond a reasonable doubt that the error made no contribution to the conviction or punishment. *Mallory v. State*, 752 S.W.2d 566, 569, 570 (Tex. Crim.App.1988). We thus find ourselves facing error that requires reversal *unless* we can somehow, in mysterious fashion, magically determine beyond a reasonable doubt that the error in admitting the videotape did not contribute to Lowrey's conviction or punishment. For this Court to make this type of factual determination belies the old Chinese proverb to the effect that a picture is worth a thousand words.

As recognized by the majority, the victim's mother gave damaging testimony, much of it inadmissible hearsay, about what the victim and his brother told her that Lowrey said and did—including acts which clearly are extraneous offenses. Nevertheless, the videotape presentation of the child compels sympathy from the viewer and listener and, more than any other evidence—hearsay or not—cries out to a fact finder for a conviction and a harsh punishment. To see and hear an innocent and winsome child present a "show and tell" about Lowrey's awful and disgusting acts would surely affect any human of ordinary sensibilities—even an appellate court judge.

In light of the entire record I am unable to determine that the error in admitting the videotaped testimony, *beyond a reasonable doubt* made *no* contribution to the conviction or the punishment as required by Tex. R.App.P. 81(b)(2). Thus I cannot join in the decision of this Court.