TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00022-CR







Alton Walker Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 1010264, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Alton Walker Jones guilty of two counts of indecency with
a child by contact and one count of indecency with a child by exposure. See Tex. Pen. Code Ann.
§ 21.11 (West Supp. 2003). The jury assessed punishment at imprisonment for five years for each
count. In two points of error, appellant contends the district court erroneously admitted hearsay
testimony. Although we find that hearsay was erroneously admitted, we find no reversible error and
thus affirm the judgments of conviction.


Outcry testimony

In his first point of error, appellant complains that the court should not have allowed
the testimony of two outcry witnesses. The first of these witnesses was Margaret Martin, a Child
Protective Services investigator, who interviewed the nine-year-old complainant on October 26,
2000. Martin testified that the boy told her appellant touched him on his "weewee" and "bottom,"
and that he, the complainant, touched appellant "on his weewee and butt." (1) The second witness was
Marsha Wilson, who interviewed the complainant on October 27, 2000, at the Children's Advocacy
Center. Wilson testified that the boy said appellant "touched his weewee and had him touch his
weewee, and that he squeezed Al's weewee until pee came out." According to both witnesses, the
complainant said this conduct took place when he was alone with appellant at appellant's residence. (2)

The court permitted both Martin and Wilson to testify pursuant to code of criminal
procedure article 38.072. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2003). Under this
statute, the first adult to whom a child makes an outcry regarding physical or sexual abuse may
testify to that outcry as an exception to the hearsay rule. Id. § 2. The statute has been construed to
apply to the first adult to whom the child makes a statement that in some discernable manner
describes the alleged offense. Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). A trial
court has broad discretion in determining which of several witnesses qualifies as the outcry witness. 
Id. at 92. Appellant contends the district court, having admitted Martin's outcry testimony, abused
its discretion by permitting Wilson to testify as an outcry witness.

The State relies on this Court's opinion in Hernandez v. State, 973 S.W.2d 787 (Tex.
App.--Austin 1998, pet. ref'd), in which we concluded that a trial court did not abuse its discretion
by permitting two witnesses to testify pursuant to article 38.072. In that case, the first outcry witness
described the child's account of an incident that took place in the defendant's truck while it was
parked in woods near a lake. Id. at 788. The second witness testified to the child's outcry regarding
conduct that took place while the defendant and the child were showering together in the defendant's
bathroom. Id. We held that when a child describes to different witnesses discrete events occurring
at different locations and times, each witness may testify as an outcry witness even though the two
occurrences constituted the same statutory offense. Id. at 789.

The State argues that the events described by Martin and Wilson in their testimony 
constituted separate and distinct occurrences, as in Hernandez. We disagree. Martin and Wilson
described essentially the same conduct: appellant touched the complainant's penis and the
complainant touched appellant's penis. The conduct described by the two witnesses took place at
the same location, appellant's apartment. Due to the lack of specificity in the child's statements, it
is impossible to say that the described conduct took place at different times. While the outcry to
Wilson added a new detail (squeezing appellant's penis), this does not support the conclusion that
the two witnesses were describing separate and distinct events. (3) On this record, the court did not
have the discretion to allow both Martin and Wilson to testify as outcry witnesses.


Statements to counselor

In point of error two, appellant contends the district court erroneously permitted
Margaret Creasy, a licensed professional counselor, to testify regarding statements made to her by
the complainant. Creasy testified that she was the complainant's therapist and had met with him
twenty-two times beginning in December 2000, when he was referred to her by Child Protective
Services, and continuing until the time of trial. Creasy related statements the complainant made to
her during counseling sessions describing his relationship to appellant, including the instances of
exposure and touching. The court admitted these statements pursuant to the hearsay exception for
statements made for the purpose of medical diagnosis or treatment. Tex. R. Evid. 803(4).

Appellant objected to Creasy's testimony on the ground that rule 803(4) is limited to
"information that is gathered and used for the purpose of diagnosis. . . . Course of treatment and
statements made during course of treatment is not part of the hearsay exception." He also makes this
argument on appeal, urging that the complainant's statements to Creasy were not made "for the
purpose of securing treatment . . . [but] as part of a course of treatment." Appellant's contention is
that rule 803(4) is limited to statements made by a person seeking diagnosis or treatment, and that
the rule does not extend to statements made during the actual course of treatment. 

The rule against hearsay is a rule of exclusion. Courts have long recognized
exceptions to that exclusion tailored to allow the introduction of evidence that is likely to be
trustworthy. Common to the various hearsay exceptions is the notion that circumstances attendant
to the out-of-court statement provide sufficient guarantees of the statement's trustworthiness, thus
rendering unnecessary the normal judicial assurances of trustworthiness secured by cross-examination and the oath. 5 Wigmore on Evidence §§ 1420, 1422 (3d ed. 1940). 

So it is with the medical diagnosis and treatment exception. Rule 803(4) excepts
from the general hearsay rule statements "made for purposes of medical diagnosis or treatment and
describing medical history, or past or present symptoms, pain, or sensations, or the inception or
general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis
or treatment." Tex. R. Evid. 803(4). The two-part test for admitting these statements is: (1) the
declarant must make the statements for the purpose of receiving medical treatment, and (2) "the
content of the statement must be such as is reasonably relied on by a physician in treatment or
diagnosis." United States v. Renville, 779 F.2d 430, 436 (8th Cir. 1985); see also Rock v. Huffco
Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991). (4) Thus, the declarant must first have a motive
consistent with obtaining medical care, knowing that proper diagnosis or treatment depends upon
the veracity of such statements. White v. Illinois, 502 U.S. 346, 356 (1992) ("[A] statement made
in the course of procuring medical services, where the declarant knows that a false statement may
cause misdiagnosis or mistreatment, carries special guarantees of credibility."); United States v. Iron
Shell, 633 F.2d 77, 83-84 (8th Cir. 1980). Further, the statement must concern facts that are
"reasonably pertinent to diagnosis or treatment": medical history, symptoms, or the cause or general
character of the cause or external source. Tex. R. Evid. 803(4).

"Rule 803(4) is premised on the patient's selfish motive in receiving appropriate
treatment." Moore v. State, 82 S.W.3d 399, 413 (Tex. App.--Austin 2002, pet. ref'd) (Patterson,
J., concurring). This motive is no longer present once a diagnosis has been made and treatment has
begun. The details a patient may report during an extended course of treatment may be prompted
by other motives, such as denial or deception, or be influenced by the treatment process itself. See
id. (safeguards inherent in rule not present when statements were made during counseling sessions
years after events discussed, after allegations had been made repeatedly, and after child declarants
had heard their mother's rendition of facts).

This Court has recognized that a child's statements to a physician or other health care
professional describing sexually abusive acts and identifying the abuser can be admissible under the
medical diagnosis or treatment exception. Fleming v. State, 819 S.W.2d 237, 247 (Tex.
App.--Austin 1991, pet. ref'd); see also Moore, 82 S.W.3d at 403-05. Neither Fleming nor Moore,
however, broadens the medical diagnosis or treatment exception to encompass every statement made
by a child victim of sexual abuse to a therapist, or supports the blanket conclusion that statements
made to a therapist regarding specific offenses are admissible as having been made for the purposes
of treatment. See Moore, 82 S.W.3d at 413. (5)

In this case, Creasy was permitted to testify to statements made by the complainant
during numerous counseling sessions over a ten-month period. According to Creasy, one of her
goals in counseling the complainant was to help him "to clarify exactly what is appropriate behavior
and not appropriate behavior between a care-giving adult and child." In other words, by her
counseling Creasy sought to alter the complainant's perception of and attitude toward appellant's
conduct. The complainant's statements made during the course of such counseling did not possess
the guarantees of trustworthiness on which the medical diagnosis or treatment exception is founded. 
The district court abused its discretion by admitting the complainant's statements to Creasy under
the rule 803(4) exception.


Harm

Error may not be predicated upon a ruling admitting or excluding evidence unless a
substantial right of the party is affected. Tex. R. Evid. 103(a); see Tex. R. App. P. 44.2(b) (error that
does not affect substantial right must be disregarded). The complainant testified that appellant
sometimes touched his penis and bottom, and that he sometimes touched appellant's penis. When
he touched appellant, appellant's penis would be "half soft, half hard." Appellant also testified. He
acknowledged that he had often touched the complainant's penis, and that he had allowed the
complainant to touch his penis. Appellant testified that "one time [the complainant] grabbed ahold
of me and squeezed as hard as he could." Appellant also described the "bathtub basketball" game
he and the complainant would often play while naked. In essence, it was appellant's contention that
the complainant had looked at and touched his penis as a result of a boy's natural curiosity, and that
he had incidentally touched the complainant's penis while they were engaged in games or other
nonsexual activities.

In short, appellant did not deny the acts alleged in the indictment. Instead, appellant's
defense was that the touching and exposure had not been committed with the intent to arouse or
gratify his or anyone else's sexual desire. See Tex. Pen. Code Ann. §§ 21.01(2), 21.11(a)(2), (c) 
(West Supp. 2003). Because appellant admitted that he engaged in the conduct described in the
complainant's statements to Martin, Wilson, and Creasy, permitting both Martin and Wilson to
testify as outcry witnesses and Creasy to testify regarding the complainant's statements during
counseling, while erroneous, did not affect appellant's substantial rights. We therefore overrule
points of error one and two.

The district court issued a separate judgment for each count. We affirm the
judgments of conviction.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: December 5, 2002

Publish
1. There is evidence that the complainant used the word "weewee" to refer to the penis.
2. Appellant was a friend of the complainant's mother. The complainant spent three afternoons
a week with appellant at his apartment over a period of several months.
3. We understand the district court's ruling to have been that the additional detail made Wilson's
testimony admissible. A court has the discretion under article 38.072 to admit a later, more detailed
outcry statement in lieu of an earlier, more general statement describing the same event to a different
witness, but a court does not have the discretion to admit both statements. Garcia v. State, 792
S.W.2d 88, 91-92 (Tex. Crim. App. 1990).
4. Because Texas rule 803(4) is based on and identical to the federal rule, federal case law is
persuasive authority for interpreting and understanding the Texas rule. See Fleming v. State, 819
S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd).
5. Appellant does not contend that Creasy was not a member of the medical profession. See
Moore v. State, 82 S.W.3d 399, 405 (Tex. App.--Austin 2002, pet. ref'd) (clinical social
worker/psychotherapist not shown to be member of medical profession; statements to witness
erroneously admitted under rule 803(4)).