In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00056-CR
______________________________


ADAM ALONZO NARANJO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 262nd Judicial District Court
Harris County, Texas
Trial Court No. 916338


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Adam Alonzo Naranjo was convicted by a jury of aggravated sexual assault of a
child. The jury assessed punishment at thirty years' imprisonment. He now appeals,
contending the trial court erred by admitting the victim's "outcry" statements into evidence
and by admitting hearsay testimony from the victim's therapist. We overrule both
contentions and affirm the trial court's judgment.
Outcry Testimony
          In his first point of error, Naranjo contends "[t]he trial court erred in denying
Appellant's motion to suppress the hearsay statement of complainant about the alleged
child abuse made to [the victim's mother]." The victim's mother (the first person over age
eighteen to whom the victim told that Naranjo had sexually assaulted her) testified at trial
as the prosecution's "outcry witness." Naranjo argued at trial that the alleged outcry
statement was unreliable because it was the product of interrogation from the mother
rather than having been made spontaneously by the victim. 
          Hearsay is "a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R.
Evid. 801(d). Hearsay is not admissible at trial unless permitted by statute or by the Rules
of Evidence. Tex. R. Evid. 802; Davidson v. State, 80 S.W.3d 132, 135 (Tex.
App.—Texarkana 2002, pet. ref'd). Article 38.072 of the Texas Code of Criminal
Procedure embodies one such exception to the rule prohibiting the admission of hearsay. 
That statute provides for the admission of statements about specific sexual or assaultive
offenses, made by a child twelve years of age or younger when such offenses occurred,
to the first person age eighteen years of age or older, other than the defendant. Tex. Code
Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2004); Davidson, 80 S.W.3d at 135. Such
testimony is commonly referred to as the "child's outcry statement." 
          Before a child's outcry statement may be admitted before a jury, the trial court must
conduct a hearing on the reliability of the child's statement. Tex. Code Crim. Proc. Ann.
art. 38.072, § 2(b)(2). This hearing must be conducted outside the jury's presence.


 
Davidson, 80 S.W.3d at 135. In making the determination regarding reliability of the outcry
statement, the trial court should consider several factors:
(1) whether the victim testifies at the trial and admits making the out-of-court
statement; (2) whether the child is of a level of maturity to understand the
need to tell the truth and to have the ability to observe, recollect, and narrate;
(3) whether the child's out-of-court statement is corroborated by other
evidence; (4) whether the child's out-of-court statement was spontaneously
made in the child's own terminology or whether there is evidence of prior
prompting or manipulation by adults; (5) whether the child's out-of-court
statement is clear and unambiguous and rises to the needed level of
certainty; (6) whether the statement is consistent; (7) whether the statement
describes an event that a child of his or her age could not be expected to
fabricate; (8) whether there is abnormal behavior by the child after the
contact; (9) whether there is a motive for the child to fabricate the
out-of-court statement; (10) whether the statement is against the interest of
the child, e.g., the child expects punishment because of reporting the
conduct; and (11) whether there was an opportunity under the evidence for
the alleged act to have been committed by the defendant. 
 
Buckley v. State, 758 S.W.2d 339, 343 (Tex. App.—Texarkana 1988), aff'd, 786 S.W.2d
357 (Tex. Crim. App. 1990); see also Norris v. State, 788 S.W.2d 65, 71 (Tex.
App.—Dallas 1990, pet. ref'd). Ultimately, the trial court has broad discretion in
determining whether the outcry statement is both reliable and admissible as an exception
to the hearsay rule. Davidson, 80 S.W.3d at 135. We may not disturb a trial court's ruling
on the admissibility of a child's outcry statement unless the record on appeal demonstrates
a clear abuse of discretion. Id. at 135–36.
          In this case, the victim testified at trial. She admitted making an outcry to her
mother. (Factor 1.) The victim demonstrated that she knew the difference between telling
the truth and telling a lie, and that it was important to tell only the truth when testifying in
court. (Factor 2.) Both the victim's and mother's testimony showed the victim was
sufficiently mature to be able to observe, recollect, and narrate the events that were the
subject of her outcry at the time the statement was made.


 (Factor 2.) We therefore
conclude both the first and second Buckley factors favor a finding that the outcry is reliable.
          Naranjo correctly points out there is no medical evidence to corroborate the victim's
account of being sexually assaulted. (Factor 3.) However, this factor carries little weight
given the several months that lapsed between the last alleged assault and the child's
outcry, especially in light of the medical expert's testimony that a lengthy delay in a child's
outcry often precludes finding medical evidence to corroborate a claim of sexual assault. 
           Naranjo further notes that the victim's outcry came as the result of continued
questioning from her mother. The relevant trial testimony was as follows:
[Prosecutor:]Okay. What, if anything, else did she [the victim] say?
 
[Mother:]Well, she didn't want to talk. I kept -- when I asked her,
"That's it, right?"
And she wouldn't say nothing, nothing at all. And I kept asking
her. I said, "[Victim], answer me."
And she wouldn't. She didn't want to answer me. She said,
"You're upsetting me."
And I told her, "Well, you're upsetting me because you are not
answering me."
 
[Prosecutor:]Was that unusual when you asked her the question? 
Was there anything about her that you observed that caused you some type
of concern?
 
[Mother:]The fact that she wouldn't answer me. [The victim] talks
a lot.
 
[Prosecutor:]Okay. And, so, you say that you asked her again. At
some point did she finally say that someone . . . had done something to her?
 
[Mother:]Yes.
 
[Prosecutor:]What did she say?
 
[Mother:]She said, "Adam [Naranjo] touched me."
 
. . . .
 
[Prosecutor:]And did you ask what the defendant had touched her
with?
 
[Mother:]No.
 
[Prosecutor:]Okay. Why not?
 
[Mother:]Because she was crying, and I didn't want to upset her
more.
 
[Prosecutor:]Okay. And at any time during this conversation, did you
try to suggest what she should say or try to steer her; or did you simply listen
to what she had to say?
 
[Mother:]I just listened.
 
          The mother's testimony clearly shows she was persistent in questioning her
daughter. That testimony, however, does not show the mother was prompting the
substance of the victim's outcry.


 Cf. Davidson, 80 S.W.3d at 139 (no evidence outcry not
made in victim's own terminology without manipulation or prompting by adult as to outcry's
substance). (Factor 4.) The circumstances surrounding the outcry also indicate the victim
was afraid to tell her mother because she feared retaliation from Naranjo.


 Cf. id. at 134,
139 (victim's shaky voice and reluctance to tell mother about abuse suggested victim
feared punishment if she made an outcry). (Factor 10.) Moreover, the mother's earlier
testimony about Naranjo's role as a stepparent and caretaker established Naranjo would
have had the opportunity to commit the offenses described in the outcry testimony. Cf. id.
(defendant-babysitter had opportunity to be alone with child). (Factor 11.) In fact, both the
victim and the mother said the offense occurred while the mother was at work and had left
the victim at home with Naranjo. Accordingly, the evidence regarding the fourth, tenth, and
eleventh Buckley factors support a finding that the statement was reliable.
          The evidence in this case also suggests the victim's later statements—to the
forensic interviewer, to the examining physician at the Children's Assessment Center, and
to the trial court during direct examination—were consistent with the initial outcry to her
mother, although the later statements were more specific and included more serious
allegations. (Factor 6.) And the child's outcry—that Naranjo touched the victim on her
breast and private area—was a clear and unambiguous allegation Naranjo had engaged
in inappropriate contact with the child. (Factor 5.) This evidence favors a finding of
reliability under the fifth and sixth Buckley factors.
          Naranjo also suggests the child had a motive to fabricate the out-of-court statement,
which would weigh against a finding of reliability under the ninth Buckley factor. Naranjo
contends that, when the mother continued to question the victim about whether the victim
was holding in a secret, the child, being aware a friend had recently made an outcry of
sexual abuse, may have fabricated the accusation against Naranjo because she thought
her mother wanted or expected to hear such an allegation. Naranjo's suggestion on this
point has some persuasive influence. However, it is not so persuasive that it overwhelms
the evidence under the other Buckley factors favoring a finding of reliability. We therefore
cannot say the trial court's finding of reliability was outside the zone of reasonable
disagreement or amounted to an abuse of discretion. There was sufficient indicia of
reliability regarding the time, the content, and the circumstances of the statement for the
trial court to admit the mother's testimony regarding the child's outcry. We overrule
Naranjo's first point of error.
Therapist's Testimony
          In his second point of error, Naranjo contends the trial court erred by admitting the
therapist's hearsay testimony about statements made to her by the victim. At trial, the
State offered the testimony of Shirley Milstead, a social worker licensed by the State as an
Advanced Clinical Practitioner who also holds a Master's degree in social work from the
University of Houston. Milstead saw the victim during ten therapy sessions. When the
State asked Milstead whether the victim had disclosed any information about having been
sexually abused, Naranjo objected to the testimony as hearsay. The State responded by
offering Milstead's testimony under the medical treatment exception to the hearsay rule. 
The trial court overruled Naranjo's objection, and Milstead proceeded to testify the victim
had disclosed being sexually abused by Naranjo. 
          We review a trial court's decision to admit evidence under an exception to the
hearsay rule for abuse of discretion. Scott v. State, 894 S.W.2d 810, 811 (Tex.
App.—Tyler 1994, pet. ref'd). The proponent of the evidence sought to be admitted has
the burden to show the evidence fits within the exception to the hearsay rule. Id.;
Fibreboard Corp. v. Pool, 813 S.W.2d 658, 676 (Tex. App.—Texarkana 1991, writ denied).
          Testimony regarding "[s]tatements made for the purposes of medical diagnosis or
treatment and describing medical history, or past or present symptoms, pain, or
sensations, or the inception or general character of the cause or external source thereof
insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay
rule. Tex. R. Evid. 803(4). For a statement to be admissible under the medical diagnosis
or treatment exception, the declarant must make the statement both for purposes of
medical diagnosis or treatment and with the understanding that giving the statement is part
of the diagnostic, treatment, or therapy process. See Wilder v. State, 111 S.W.3d 249, 256
(Tex. App.—Texarkana 2003, pet. ref'd) (statements made to licensed professional
counselor made with understanding that victim was receiving therapy and made for
purposes of medical diagnosis and treatment); see also Fleming v. State, 819 S.W.2d 237,
247 (Tex. App.—Austin 1991, pet. ref'd) ("statement must be reasonably pertinent to
diagnosis or treatment"). The record on appeal must show the witness' qualifications
conform to Rule 803(4). Moore v. State, 82 S.W.3d 399, 404 (Tex. App.—Austin 2002,
pet. ref'd). "If a witness's testimony fails to meet Rule 803(4)'s criteria requiring that the
statements be made to medical personnel in the course of diagnosis and treatment, then
that testimony cannot overcome the hearsay rule." Id. 
          At trial (and now on appeal), the State cited Fleming for the proposition that a
psychotherapist's testimony falls under the exception to the hearsay rule for statements
made for the purpose of medical diagnosis and treatment. In Fleming, the state offered
the testimony of a mental health therapist. Fleming, 819 S.W.2d at 243–46. During the
therapist's testimony, the state asked, "Okay. I want to ask you now exactly what the little
girl told you, as to part of your diagnosis? What type of statements did she make to you?" 
Id. at 244 (emphasis added). The Austin Court of Appeals affirmed the trial court's
admission of the therapist's testimony, concluding the child's statements to the mental
health therapist "describing the abusive acts and identifying the abuse were reasonably
pertinent to medical diagnosis and treatment, and were properly admitted pursuant to Rule
803(4)." Id. at 247. The testimony was properly admitted, in part, because "unlike ordinary
medical problems, the treatment of child abuse includes removing the child from the
abusive setting. Thus, the identity of the abuser is pertinent to the medical treatment of the
child." Id.
          In Macias v. State, 776 S.W.2d 255, 259 (Tex. App.—San Antonio 1989, pet. ref'd),
the San Antonio court upheld a trial court's admission of a psychologist's report for several
reasons. First, the report was qualified as a business record. Id. Second, while the
appellant objected to the report, he failed to object to the psychologist's later testimony
concerning the same information. The court found the appellant's failure to object
rendered harmless any erroneous admission. Id. Finally, the court found that the
circumstances surrounding the making of the statements by the child supported the state's
contention the statements were made by the child to the psychologist for the purpose of
medical diagnosis and treatment. The court, therefore, found the psychologist's records
were admissible under Rule 803(4). Id.
          In Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet.
ref'd), the appellant objected to the testimony of Richard Brouwer, a clinical social worker,
who testified about the child victim's statement her father had sexually abused her. The
Puderbaugh court held
in the course of treatment in counseling C.P., it had been conveyed to C.P.
that the reason for seeing him [the social worker] was to help her with her
emotional problems. Brouwer and C.P. discussed the importance of telling
the truth to him, and C.P. understood the difference between telling the truth
and telling a lie. Thus, the State established both the medical care
component of Brouwer's sessions with C.P. and C.P.'s awareness of the
purpose of the treatment.
 
Id. The court of appeals then overruled the appellant's objection. Id.
          In Moore v. State, 82 S.W.3d 399, 403–05 (Tex. App.—Austin 2002, pet. ref'd), the
appellant argued that the testimony of Judy Cardinale (a licensed social worker who was
also an "advanced clinical practitioner") was inadmissible under the medical diagnosis and
treatment exception to the hearsay rule. The Austin Court of Appeals noted the state had
not elicited testimony to explain how a licensed psychotherapist differs from a psychologist
or a psychiatrist, and there was no testimony about the training required to earn a
psychotherapy license. Id. at 405. The witness admitted she did not possess any medical
degrees and could not prescribe medicine. Id. And there was also no evidence
"concerning the requirements for licensure and whether, as a social worker who had
provided medical diagnoses, Cardinale received special training, was answerable to a
board which governed licensed social workers, or had to meet any advanced continuing
education requirements." Id. The Moore court then held the state had failed to establish
Cardinale's qualifications as a member of a medical profession and found the trial court
erred by admitting the social worker's testimony. Id.
          In Jones v. State, 92 S.W.3d 619, 623–24 (Tex. App.—Austin 2002, no pet.), the
trial court admitted testimony from a licensed professional counselor about statements
made to her by the child victim. The statements were made during the course of twenty-two sessions between the time of trial and initial referral by Child Protective Services. Id.
at 622. The Austin Court of Appeals held "[t]he complainant's statements made during the
course of such counseling did not possess the guarantees of trustworthiness on which the
medical diagnosis or treatment exception is founded." Id. at 623–24. Even though the
trial court had erred by admitting the counselor's testimony, the Jones court held such error
was harmless in light of the appellant's own testimony in which he confessed to the
conduct described in the victim's various statements. Id. at 624.
          In Wilder, 111 S.W.3d at 257, this Court affirmed the trial court's admission of
testimony from a licensed professional counselor because the testimony fit within the
medical diagnosis and treatment exception to the hearsay rule. In Wilder, the evidence
showed the victim had been referred to the counselor for specific behavioral problems. Id. 
The counselor diagnosed the child with "anxiety, adjustment disorder, and depression." 
Id. In light of those facts, we found the child's statements about having been sexually
abused were made for purposes of medical diagnosis and treatment. Id. And in Perez v.
State, 113 S.W.3d 819, 830 (Tex. App.—Austin 2003, pet. ref'd), the trial court permitted
a counselor to testify about statements the victim had made regarding being sexually
abused. The counselor also testified she had made no diagnosis and, based on the
record, it was clear the treatment goals were, at least in part, decided by the patient
herself. On appeal, the appellate court held the trial court abused its discretion by
admitting the counselor's testimony. Yet because the subject matter of the hearsay
statements was properly proven elsewhere, principally during the child's trial testimony and
that of her therapist, the error was harmless. Id. at 831. 
          In this case, Milstead testified the victim was referred by her mother's insurance
company for therapy or counseling based on the recommendation of Child Protective
Services. Milstead, however, did not do any psychological testing of the victim, she did not
claim to have provided any medical diagnosis or treatment, nor did she provide testimony
about the requirements for licensure. Cf. Moore, 82 S.W.3d at 405. There is no evidence
the victim was referred to Milstead for specific, diagnosed behavioral or psychological
problems. But cf. Puderbaugh, 31 S.W.3d at 685 (state established medical care
component of counseling sessions with social worker); Macias, 776 S.W.2d at 259
(circumstances surrounding statements to psychologist made for purposes of medical
diagnosis and treatment).
          Instead, Milstead's testimony focused on her counseling and therapy sessions with
the victim. During the ninth session, the victim told Milstead that Naranjo had digitally
penetrated the victim's vagina. Milstead noted the victim "quickly wanted to change the
subject and didn't want to pursue that topic any further." The victim stopped seeing
Milstead after the tenth session. Milstead's testimony does not show the victim's statement
regarding digital penetration was necessary for medical diagnosis or treatment. Instead,
the statement was brought up unexpectedly by the victim, and there was no evidence it
was discussed further. In short, there is nothing about the context of the victim's statement
that suggests it possesses the guarantees of trustworthiness on which the medical
diagnosis or treatment exception is founded. Cf. Jones, 92 S.W.3d at 623–24. 
Accordingly, we find the trial court abused its discretion by admitting Milstead's testimony. 
We must next determine whether this error requires reversal. 
          The erroneous admission of hearsay evidence is nonconstitutional error. Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (citing Tex. R. App. P. 44.2(b)). A
nonconstitutional error that does not affect the appellant's substantial rights must be
disregarded. Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had
a substantial and injurious effect or influence in determining the jury's verdict." Moore, 82
S.W.3d at 405. If, after reviewing the record as a whole, we have fair assurance that the
error did not influence the jury, or had but a slight effect, then we are not to reverse the trial
court's judgment. Id. In Moore, the Austin Court of Appeals found the erroneous
admission of a therapist's recounting of the child's accusations was harmless because
(1) both the defendant and the victim testified about the incident, and (2) the therapist's
testimony about the child's accusations amounted to a single sentence in the record. Id.
at 406. 
          In this case, Naranjo did not testify about the alleged incidents. However, there was
testimony from Sheila Lahoti, M.D., a pediatric physician, who testified the victim had said
Naranjo had touched her chest. Detective Tim Brinson of the Pasadena Police
Department testified, without objection, he had witnessed the victim state Naranjo had
sexually assaulted her by placing his mouth on her sexual organ and by placing his hand
inside her vagina. Because the substance of Milstead's inadmissible testimony was
admitted without objection through other witnesses, we do not believe the error harmed
Naranjo's substantial rights. Naranjo's second point of error is overruled.
 

Conclusion
          For the reasons stated, we overrule Naranjo's points of error and affirm the trial
court's judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 18, 2004
Date Decided:         March 9, 2004

Do Not Publish