Opinion issued August 2, 2007












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01183-CR






RASHIK ALI TAYLOR, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1028566






CONCURRING OPINION

 The majority errs in holding that the trial court did not err in admitting the
hearsay statements of the complainant relating the details of the sexual assault in this
case through the testimony of Denise Volet, a "licensed professional counselor." 
However, because the trial court's error in admitting the hearsay statements through
Volet's testimony was harmless, I concur in the judgment of this Court.

Medical Diagnosis or Treatment

 The majority agrees with the State that the complainant's hearsay statements
were admissible through the testimony of Volet under the exception to the hearsay
rule for statements "made for purposes of medical diagnosis or treatment." See Tex.
R. Evid. 803(4). Texas Rule of Evidence 803(4), entitled "Statements for Purposes
of Medical Diagnoses or Treatment," articulates the exception to the hearsay rule as
follows:

 Statements made for purposes of medical diagnosis or treatment and
describing medical history, or past or present symptoms, pain, or
sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment. 


Id. (emphasis added). To qualify for this exception, a statement must meet three
requirements. First, the statement must, in no uncertain terms, be made for "medical"
diagnosis or treatment. Id. Second, the statement must describe medical history, past
or present "symptoms, pain, or sensations," or "the inception or general character of
the cause or external source thereof." Id. Third, the statement must be "reasonably
pertinent" to such medical diagnosis or treatment. Id.

 The majority recognizes that Rule 803(4) "is premised on the declarant's desire
to receive an appropriate medical diagnosis or treatment" and that Volet is not a
medical doctor or psychiatrist and does not work under the supervision of a medical
doctor or psychiatrist. Nevertheless, the majority concludes that Volet's testimony
about the complainant's hearsay statements, given Volet's status as a "licensed
professional counselor," falls under the hearsay exception of Rule 803(4). 

 In doing so, the majority expressly disagrees with the "narrow application of
Rule 803(4)" by the Austin Court of Appeals, which has held that Rule 803(4)
"clearly requires the statements by the declarant be made for purposes of medical
diagnosis or treatment." Perez v. State, 113 S.W.3d 819, 830 (Tex. App.--Austin
2003, pet. ref'd) (emphasis added); see also Moore v. State, 82 S.W.3d 399, 405 (Tex.
App.--Austin 2002, pet. ref'd). In Moore, the court held that a trial court erred in
admitting testimony about hearsay statements through an individual who was a 
"licensed psychotherapist," licensed "clinical social worker," and an "advanced
clinical practitioner." 82 S.W.3d at 405. In Perez, the court held that a trial court
erred in admitting testimony about hearsay statements through a "licensed
professional counselor" like Volet. 113 S.W.3d at 828-30. 

 Rejecting the reasoning of the Austin Court of Appeals, the majority follows
the Texarkana and Beaumont courts of appeals, which have held that such testimony
from licensed professional counselors and psychotherapists meets the requirements
of Rule 803(4). See Wilder v. State, 111 S.W.3d 249, 256-57 (Tex. App.--Texarkana
2003, pet. ref'd); Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.--Beaumont
2000, pet. ref'd); Gohring v. State, 967 S.W.2d 459, 461 (Tex. App.--Beaumont
1998, no pet.). However, the reasoning of these cases has been criticized: 

 Recently, Texas courts have begun admitting statements made by child
sexual or physical assault complainants to various therapists and child
advocacy centers workers, but this use stretches the rule beyond its
original scope and purpose.


Cathy Cochran, Texas Rules of Evidence Handbook, art. VIII, at 839 (6th ed.
2005) (emphasis added). 

 The scope and purpose of the Rule 803(4) exception to the hearsay rule has 
been explained as follows:

 The rationale behind this exception is that patients who are seeking
medical help generally do not lie or exaggerate about their physical
condition. Because proper medical treatment depends on a reliable
diagnosis, patients have a strong motivation to be truthful. Unless the
record shows that the declarant was actually seeking a medical
diagnosis or treatment, however, statements made to medical personnel
are not admissible under the rule. 


Id. at 837 (emphasis added). By its very definition, the term "medical" relates to or
characterizes "the study or practice of medicine" or "requiring treatment by
medicine." The American Heritage Stedman's Medical Dictionary 497-98
(2002). "Psychology," on the other hand, deals with "mental processes and behavior"
and the "emotional and behavioral characteristics of an individual, a group, or an
activity." Id. at 687. A "counselor" is one trained to give "guidance" and "advice"
about "personal, social, or psychological problems." The New Oxford American
Dictionary 390 (1st ed. 2001). The rationale behind the hearsay exception for
statements made for purposes of "medical diagnoses or treatment" regarding a
patient's physical condition simply has nothing to do with mental processes and
behavior or the providing of guidance and advice by a counselor. 

 Here, just as in Perez, the complainant's statements were made "during an
extended period of counseling and did not possess the guarantees of trustworthiness
on which the medical diagnosis and treatment exception to the hearsay rule is
founded." 113 S.W.3d at 827. "Being a state-licensed professional counselor does
not authorize the individual to practice medicine as defined by the laws of this state." 
Id. at 829. Moreover,

 "Rule 803(4) is premised on the patient's selfish motive in receiving
appropriate treatment." This motive is no longer present once a
diagnosis has been made and treatment has begun. The details a patient
may report during an extended course of treatment may be prompted by
other motives, such as denial or deception, or be influenced by the
treatment process itself. 


Id. at 830 (quoting Jones v. State, 92 S.W.3d 619, 623 (Tex. App.--Austin 2002, no 


pet.)) (internal citations omitted).

 The bottom line is that the complaint's statements to Volet do not meet any of
the three requirements of Rule 803(4). They were not made for "medical" diagnosis
or treatment. The statements do not describe medical history, "symptoms, pain, or
sensations," or "the inception or general character of the cause or external source
thereof." Moreover, they are not "reasonably pertinent" to "medical" diagnosis or
treatment. Accordingly, I would hold that the trial court erred in admitting the
hearsay statements of the complainant through the testimony of Volet, and the
majority errs in holding otherwise. 

Harmless Error 

 A violation of evidentiary rules that results in the erroneous admission of
evidence is non-constitutional error. See Tex. R. App. P. 44.2(b); Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Any non-constitutional error that
"does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A
substantial right is affected when an error has a substantial and injurious effect or
influence in determining a jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997). Therefore, a criminal conviction should not be overturned for non-constitutional error if the appellate court, upon examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but slight effect. Cobb
v. State, 85 S.W.3d 258, 272 (Tex. Crim. App. 2002). Generally, the improper
admission of evidence does not constitute reversible error if the same facts are proved
by other properly admitted evidence. See Brooks v. State, 990 S.W.2d 278, 287 (Tex.
Crim. App. 1999) (holding that any error in the admission of hearsay testimony was
harmless in light of other properly admitted evidence proving same fact).

 Appellant argues that he was harmed by the trial court's error in admitting
Volet's testimony regarding the complainant's hearsay statements because the State
used it to bolster the credibility of the complainant. He asserts that the State referred
to Volet's testimony in its closing argument to the jury and argued that the
complainant "told a consistent story." Appellant concedes that the court in Perez
found the admission of a counselor's testimony about the hearsay statements of a
complainant to be harmless. See 113 S.W.3d at 831. However, he argues that Perez
is distinguishable. 

 Here, much of Volet's testimony did concern her observations of the
complainant. See id. However, unlike the counselor in Perez, Volet actually
testified about the complainant's hearsay statements regarding the sexual assault
offense. See id. Moreover, the only other evidence in the record to support
appellant's conviction was the direct evidence offered by the complainant herself. 
Nevertheless, the record as a whole provides fair assurance that the trial court's error
did not influence the jury or had but slight effect.

 The State, in arguing about "the factors that weigh[ed] in favor" of the
complainant's credibility, did mention that the jury "heard from" the complainant's
therapist and that the complainant had not changed her "story." However, the State
explained that the complainant told her version of events "over and over again" to
different agencies, "law enforcement," and the jury itself. The State's point was that
if the complainant had changed her story, the jury would have "heard about it" and
her testimony would "have been impeached." Moreover, the State also argued that
Volet testified that the complainant showed "the signs and symptoms of a child who
has been sexually abused," and this evidence is generally admissible if supported by
reliable expert testimony. See Hernandez v. State, 53 S.W.3d 742, 751 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd). 

 Accordingly, I cannot say that the trial court's error had a substantial and
injurious effect or influence on the jury in reaching its verdict. See King, 953 S.W.2d
at 271. 




Conclusion

 I would hold that the trial court erred in admitting the hearsay statements of the
complainant about the details of the sexual assault in this case through the testimony
of a "licensed professional counselor." However, because the trial court's error in
doing so was harmless, I concur in the judgment of this Court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Bland.

Justice Jennings, concurring.

Publish. Tex. R. App. P. 47.2(b).