Opinion issued February 12, 2009








 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-08-00084-CR

 01-08-00085-CR






RAUL MUNOZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1121985 & 1121986






O P I N I O N

 A jury convicted appellant, Raul Munoz, of two charges of aggravated sexual
assault of a child under the age of 14 (1) and assessed punishment at confinement for life
on each charge. In two related points of error, appellant contends the trial court erred
in admitting hearsay evidence through the testimony of a licensed master social
worker. We affirm.

BACKGROUND

 When Jane (2) was nine years old, CPS removed her from her parents' care
because of physical and medical neglect and placed her in a foster home. While in
foster care, Jane told Patsy Williams that she had been sexually abused by appellant,
her father. Jane was then interviewed and medically examined at the Children's
Assessment Center. Pam Ostaszewski, a licensed master social worker, was assigned
to Jane's case, and Jane began weekly therapy sessions with Ostaszewski, which
continued through the time of trial.

 At trial, Jane testified about how her father had sexually abused her. The State
also called Ostaszewski, who testified about her therapy sessions with Jane. 
Appellant objected that Ostaszewski's testimony, and the records of her sessions with
Jane, were replete with hearsay and should be excluded. The State responded that
Ostaszewski's testimony and records were admissible under Rule of Evidence 803(4)
as statements made for the purpose of medical diagnosis and treatment. The trial
court overruled appellant's objection and permitted Ostaszewski to testify about her
therapy sessions with Jane. Ostaszewski's records from her therapy sessions with
Jane were also admitted.

Admission of Therapists' Testimony Under Texas Rule of Evidence 803(4)

 In two related points of error, appellant contends the trial court erred by
allowing hearsay to be admitted through Ostaszewski's testimony and records
regarding her therapy sessions with Jane. Specifically, appellant argues that, because
Ostaszewski is not a nurse or physician, any statements made to her by Jane were not
for the purpose of medical diagnosis or treatment.

Standard of Review

 We review a trial court's decision to admit or exclude evidence under an abuse
of discretion standard. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003);
Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.--Houston [1st Dist.] 2000, pet.
ref'd). We will not reverse a trial court's decision to admit or exclude evidence
unless the record shows a clear abuse of discretion. Zuliani, 97 S.W.3d at 595;
Roberts, 29 S.W.3d at 600. An abuse of discretion occurs only when the trial judge's
decision was so clearly wrong as to lie outside that zone within which reasonable
persons might disagree. Zuliani, 97 S.W.3d at 595; Roberts, 29 S.W.3d at 600.

Heasay and the Exception for Statements Made for Diagnosis or Treatment

 Hearsay--a statement, other than one made by the declarant while testifying
at trial or a hearing, offered in evidence to prove the truth of the matter asserted--is
generally inadmissible at trial. Tex. R. Evid. 801(d), 802. However, "[s]tatements
made for the purposes of medical diagnosis or treatment and describing medical
history, or past or present symptoms, pain, or sensations, or the inception or general
character of the cause or external source thereof insofar as reasonably pertinent to
diagnosis or treatment" are admissible as an exception to the hearsay rule. Tex. R.
Evid. 803(4) 

 Rule 803(4) is premised on the declarant's desire to receive an appropriate
medical diagnosis or treatment, and the assumption that the declarant appreciates that
the effectiveness of the diagnosis or treatment may depend on the accuracy of the
information provided. See Burns v. State, 122 S.W.3d 434, 438 (Tex. App.--Houston
[1st Dist.] 2003, pet. ref'd); Moore v. State, 82 S.W.3d 399, 413 (Tex. App.--Austin
2002, pet. ref'd) (Patterson, J., concurring); Sneed v. State, 955 S.W.2d 451, 453
(Tex. App.--Houston [14th Dist.] 1997, pet. ref'd); Fleming v. State, 819 S.W.2d
237, 247 (Tex. App.--Austin 1991, pet. ref'd). "'Thus, the declarant's motive in
making the statement must be consistent with the purpose of promoting treatment.'"
Austin v. State, 222 S.W.3d 801, 811 (Tex. App.--Houston [14th Dist.] 2007, pet.
filed); accord Jones v. State, 92 S.W.3d 619, 623 (Tex. App.--Austin 2002, no pet.);
Sandoval v. State, 52 S.W.3d 851, 856 (Tex. App.--Houston [1st Dist.] 2001, pet.
ref'd). The witness, however, need not expressly state that the hearsay declarant
recognized the need to be truthful in her statements for the medical treatment
exception to apply. Wright v. State, 154 S.W.3d 235, 241 (Tex. App.--Texarkana
2005, pet. ref'd). Instead, the reviewing court must look to the record to determine
if it supports a conclusion that the declarant understood the importance of honesty in
the context of medical diagnosis and treatment. See Beheler v. State, 3 S.W.3d 182,
188-89 (Tex. App.--Fort Worth 1999, pet. ref'd).

 Appellant argues that before a witness can relate an out-of-court statement
made for the purposes of medical diagnosis or treatment under rule 803(4), the State
must show that the witness has medical "qualifications." However, in Taylor v. State,
268 S.W.2d 571, 587 (Tex. Crim. App. 2008), the Court of Criminal Appeals rejected
that argument. In so holding, the court stated that "[t]he essential 'qualification'
expressed in the rule is that the declarant believe that the information he conveys will
ultimately be utilized in diagnosis or treatment of a condition from which the
declarant is suffering, so that his selfish motive for truthfulness can be trusted." Id. 
The Court of Criminal Appeals then set up a two-part test for determining whether
this requirement had been met. First, the statement must be made for the purpose of
diagnosis or treatment, and the declarant must know that it is made for the purpose
of diagnosis and treatment. Id. at 588-89. Second, the statements must actually be
pertinent to diagnosis or treatment. Id. at 591 


Made for Purpose of Diagnosis or Treatment?

 The first prong requires that the proponent of the evidence show that the out-of-court declarant was aware both that the statements were made for the purpose of
medical diagnosis or treatment and that a proper diagnosis or treatment depended on
the truth of such statements. Id. at 589. In the context of statements made by a child
to a therapist, "it is incumbent upon the proponent of the hearsay exception to make
the record reflect both (1) that truth-telling was a vital component of the particular
course of therapy or treatment involved, and (2) that it is readily apparent that the
child-declarant was aware that this was the case." Id. at 590. Further, "in the context
of long-term, on-going, after-the-fact mental-health treatment, the proponent should
make it readily apparent on the record (1) that it was important to the efficacy of the
treatment (if, in fact, it was important) for the child-declarant to disclose the true
identity of the perpetrator, and (2) that the child, prior to the disclosure understood
that importance." Id. at 591. 

 Thus, we consider whether there was evidence in the record that it was
important for Jane to tell her therapist the truth about the alleged abuse and whether
Jane knew that it was important to tell the truth. There is evidence that Jane knew
that she was being treated for depression and the manifestation of that depression and
that she was aware that statements made to Ostaszewski during her
therapy--including the identity of her abuser--were made in furtherance of this
treatment. Jane testified that she was seeing a therapist and was being given
medication for depression. Jane further testified that during her therapy she talked
with her therapist about the sexual abuse and feelings associated with the sexual
abuse. Ostaszewski testified that child victims of sexual abuse often suffer from
extreme feelings of guilt because they feel that they are at fault. Pamela Ostaszewski,
Jane's therapist, testified that Jane felt very guilty because she had disclosed the
sexual abuse and because her father might go to jail as a result. Ostaszewski also
testified that Jane suffered from eunuresis, or bedwetting, and that as trial dates
approached Jane would stop bathing and taking care of herself, all of which were
manifestations of childhood depression. Finally, Ostaszewski testified that Jane, as
a result of the sexual abuse, had inappropriate sexual feelings, which she often acted
on. In fact, Jane had been removed from one foster home for inappropriate sexual
contact with a young boy in the home. 

 Also of key importance was the fact that Jane's abuser was her father, not a
stranger. As noted by the Court of Criminal Appeals in Taylor, in such circumstances
it would be important for the therapist to know the identity of the perpetrator so as to
fully discover the extent of the child's emotional and psychological injuries,
"particularly when the perpetrator might be a family or household member[,] and it
is important to remove the child from the abusive situation." Id. at 591.

 The more difficult issue to assess is whether Jane was aware that it was
important to tell her therapist the truth. There is evidence in the record that Jane had
a problem with telling lies and making things up. Ostaszewski testified that Jane
would often lie about things like wetting her bed at night and about taking things that
did not belong to her so that she would not get in trouble. Ostaszewski testified that
she explained to Jane that often it was not the bad act that got Jane into trouble, but
her lying to cover it up. Ostaszewski also testified that, during her therapy sessions,
Jane always acknowledged when she said something that was not true, but that she
had never recanted her allegations against her father.

 At another point, Ostaszewski testified as follows:

 Q: Now, clearly through during [sic] your whole therapy, your whole
experience with [Jane], you wanted to stress that she needs to tell the
truth, is that correct?


 A: That is correct.


 Based on this record, we conclude that the State presented evidence that the
therapist impressed on Jane that it was important for Jane to tell her therapist the truth
about her sexual abuse, including the identity of the perpetrator, in order to facilitate
the therapist in treating Jane's depression and the other manifestations of the abuse,
such as bedwetting and acting out sexually with other children. Furthermore, there
is evidence in the record that, although Jane had difficulty telling the truth and often
lied to escape the consequences of her actions, she was aware of the need to be
truthful with her therapist, and she always acknowledged to her therapist when she
had been untruthful. Therefore, we conclude that the State has met its burden on the
first element of the Taylor test.

Pertinent to Diagnosis or Treatment?

 The second prong of the test requires the proponent of the hearsay evidence to
show that the particular statement proffered is pertinent to the treatment, or that it was
reasonable for the therapist to rely on the particular information contained in the
statement in treating the declarant. Id. at 591. "This includes showing that a
statement from a child-declarant revealing the identity of the perpetrator of sexual
abuse is pertinent." Id. "[K]nowing who is at fault for the emotional or
psychological trauma may not be critical to every treatment plan, especially if the
perpetrator was not a family or household member." Id. However, here the
perpetrator was a family member--Jane's father.

 Thus, we consider whether it was reasonable for Ostaszewski to rely on this
particular information in treating Jane. As stated earlier, Ostaszewski testified that
Jane had a problem with bedwetting and acting in an inappropriately sexual manner
with other children. She was removed from one foster home for inappropriate sexual
contact with a young boy in the same foster home. She was also caught kissing boys
on the mouth, masturbating, and acting in an inappropriately sexual manner for a 10-year-old girl. Ostaszewski testified that these are behaviors commonly seen in child
victims of sexual abuse. As such, the facts related to Ostaszewski by Jane about her
sexual abuse are pertinent Ostaszewski's treatment of Jane. 

 Additionally, Jane's identification of her father as her abuser is pertinent to
Ostaszewki's treatment of Jane. Ostaszewski testified that Jane was suffering from
depression and that she felt very guilty about telling others about the abuse , breaking
up her family, and causing her father to go to jail. Jane felt that somehow she had
caused the abuse. Thus, in this case, knowing the identity of the abuser, and that it
was a family member, would be helpful in treating Jane's depression. See United
States v. Renville, 779 F.2d 430, 436 (8th Cir. 1985) (holding that child victim's
statement that abuser is member of family is pertinent to treatment). It is also
important that Jane's outcry regarding the sexual abuse came shortly after Jane had
been removed from her father's home because of neglect. As such, the identity of her
father as her abuser was of critical importance in preventing further harm or abuse by
preventing Jane's return to her father's home or any visitation with him.

 Because we hold that the State presented evidence to support both prongs of
the Taylor test, we conclude that the trial court did not err by admitting Ostaszewski's
testimony and records. 






CONCLUSION

 We overrule appellant's sole point of error and affirm the judgments of the trial
court.

 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Publish.

1. § 
2.