ACCEPTED
06-14-00046-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/25/2015 9:06:18 AM
DEBBIE AUTREY
CLERK

## NOS. 06-14-00046-CR and 06-14-00047-CR

### IN THE COURT OF APPEALS
### SIXTH APPELLATE DISTRICT OF TEXAS
### AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/25/2015 9:06:18 AM
DEBBIE AUTREY
Clerk

**LEAVELLE FRANKLIN,** **Appellant**

**v.**

**THE STATE OF TEXAS,** **Appellee**

### APPELLANT'S MOTION FOR REHEARING

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW** the Appellant, **LEAVELLE FRANKLIN**, by and through counsel of record, Jason Horton, pursuant to Texas Rule of Appellate Procedure 49, and hereby submits the following Motion for Rehearing for the Court's consideration.

### POINT FOR REHEARING

Appellant respectfully requests that this Court revisit its application of *Taylor v. State*.

### ARGUMENT

In *Taylor*, the Court of Criminal Appeals specifically agreed with the Austin Court of Appeals that,

> consistent with the rationale for admitting statements made for purposes of medical diagnosis or treatment over a hearsay objection, it is appropriate to require the proponent of the evidence to show that the out-of-court declarant was aware that the statements were made for that

Motion for Rehearing
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 1 of 7**

purpose **and** that "proper diagnosis or treatment depends upon the veracity of such statements."

268 S.W.3d 571, 588-89 (Tex.Crim.App. 2008) (emphasis added); *citing Jones v. State*, 92 S.W.3d 619 (Tex.App.—Austin 2002, no pet.). The Court noted that a "tacit presumption" of reliability may exist when statements are made while the declarant is sitting in the emergency room in the immediate aftermath of an injury or on a physician's cold examination table in the interest of diagnosing and curing some exigent disease or ailment. 268 S.W.3d at 589.

However, the Court also recognized that "reclining on a therapist's or psychiatrist's couch" is not the same as sitting in the emergency room in the immediate aftermath of an injury or on a physician's cold examination table. Therefore, if the declarant makes statements for medical diagnosis or treatment while sitting in a therapist's office, the tacit presumption of reliability is far less compelling, and the record must reflect both (1) that truth-telling was a vital component of the particular course of therapy or treatment involved, and (2) that it is readily apparent that the child-declarant was aware that this was the case. 268 S.W.3d at 590.

*Taylor* does not give appellate courts the power to "infer from the record that the victim knew it was important to tell a SANE nurse the truth in order to obtain medical treatment or diagnosis." Court's Opinion at p.11. In all contexts, *Taylor* requires, at the very least, that the proponent of the evidence show that the out-of-

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 2 of 7**

court declarant was aware that the statements were made for medical purposes *and* that proper diagnosis or treatment depends on the veracity of such statements.

Here, Lach (the SANE nurse) provided no evidence that she informed the girls that their proper diagnosis or treatment depended on the veracity of their statements. Lach testified that (1) she explained to the girls who she was; (2) she explained the nature of the exam; (3) the girls had an understanding that they were there for medical diagnosis or treatment; and (4) that she would be writing down everything they said verbatim. (6 RR 124-125) It is undisputed that Lach did not provide any testimony indicating that she informed the girls how important it was for them to tell the truth.

Even so, this Court concluded that, since Lach was a medical professional, an inference could be made that the victims knew it was important to tell Lach the truth. In support of its position, the Court cited *Prieto*, *Thomas*, *Duckworth*, and *Bahle*. Court's Op. at p.11.

In *Prieto*, the Amarillo Court of Appeals specifically cited *Taylor* for the rule that the proponent of the evidence must show that the declarant was aware that the statements were made for the purposes of medical diagnosis or treatment **and** that proper diagnosis or treatment depended on the veracity of the statements. 337 S.W.3d 918, 921 (Tex.App.—Amarillo 2011, pet. ref'd). This was the position taken by Appellant in his brief.

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 3 of 7**

*Prieto* did not, however, make any reference to the length of time that elapsed between the outcry and the SANE. Here, this Court specifically noted the following:

> On Wednesday, April 3, 2013, after the girls spoke to the responding officer, they were taken to the emergency room. At the hospital, Conesha spoke with a nurse who explained that it would be difficult to collect evidence because several days had passed since the alleged abuse. As a result, Conesha decided against subjecting the children to a sexual-assault examination. Instead, the children were taken to the Texarkana CAC on April 4, 2013, to undergo a forensic interview.
>
> …It was not until April 18, 2013, that the children were taken to see outcry witness Kathy Lach, a SANE, for a medical examination conducted at the CAC.

Court's Op. at pp. 4-5.

Therein lies the basis for Appellant's point on appeal and this Motion for Rehearing. After the outcries, the girls were immediately taken to the emergency room where a SANE could have been performed on a cold examination table. This would have created the tacit presumption, or inference, of reliability. However, after being informed by a medical professional that evidence collection was unlikely, the girls' mother decided against the examinations.

Over two weeks later, and at the request of law enforcement, Lach subjected these children to the invasive SANE even though she consistently testifies that over 90% of alleged victims never show signs of abuse. Unlike the SANEs in *Thomas*, *Duckworth*, and *Bahle*, which were all performed in the emergency room immediately

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 4 of 7**

after the outcry, these SANEs were admittedly conducted in a "kid-friendly" environment some eighteen days after the alleged abuse. Even if the unpublished opinions cited by this Court allude to an inference that victims understand the importance of telling a SANE nurse the truth in order to obtain medical diagnosis or treatment, none of those decisions indicate that such an inference is applicable when a victim (1) is immediately taken to an emergency room; (2) refuses treatment; and (3) is then forced by law enforcement to undergo a SANE over two weeks later.

As per the express language of *Taylor*, the State should have been required to show not only that the girls' statements were made for medical diagnosis or treatment, but the State should have also been required to show that "proper diagnosis or treatment depend[ed] on the veracity of such statements." Here, the State did not produce such evidence, and to permit an "inference" of reliability when the SANE was conducted in what amounts to a therapist's office over two weeks after the alleged abuse does not comply with the letter or spirit of the Court of Criminal Appeals' extensive rationale in *Taylor*.

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 5 of 7**

**WHEREFORE,** Appellant respectfully requests that the Court grant this Motion for Rehearing, and, after reconsidering and applying the facts to the law as stated herein, conclude that admitting Lach's complained-of testimony was reversible error requiring a reversal of Appellant's convictions.

Respectfully submitted,

JASON HORTON LAW FIRM
114 West Broad Street
Texarkana, Texas 75501
*Mail to:*
P.O. Box 1596
Texarkana, Texas 75504
T- (903) 792-2000
F- (903) 792-2100
www.jasonhortonlaw.com

BY:  /s/ Jason Horton
Jason Horton
jason@jasonhortonlaw.com
Texas Bar Number 24041130

ATTORNEY FOR APPELLANT

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 6 of 7**

## CERTIFICATE OF SERVICE

On the 25th day of March, 2015, I hereby certify that a true and correct copy of the foregoing instrument will be served on Mr. Jerry Rochelle, Bowie County District Attorney, according to the Texas Rules of Appellate Procedure and the rules of this Court.

/s/ Jason Horton
Jason Horton

**Motion for Rehearing**
*Leavelle Franklin vs. State of Texas*
**6th Court of Appeals Nos. 06-14-00046-CR and 06-14-00047-CR**
**Page 7 of 7**