Opinion issued December 4, 2003
 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00652-CR




DAVID GILBERT BURNS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 847328




O P I N I O N
           Appellant, David Gilbert Burns, was charged by indictment with the offense of
aggravated sexual assault of a child. A jury found appellant guilty, and the trial court
assessed punishment at 65 years’ confinement. Appellant, in four points of error, contends
that (1) his trial counsel rendered ineffective assistance by failing to object to hearsay
testimony; (2) the trial court erred by allowing a psychologist to testify that, in her expert
opinion, complainant was truthful in alleging that appellant sexually assaulted her; (3) the
trial court erred by permitting a psychologist to testify over objection that appellant promised
not to sexually assault complainant’s sister if complainant kept quiet; and (4) the trial court
allowed improper jury argument comparing this case to other cases involving other
defendants. We affirm.
BACKGROUND
           Appellant divorced Debra Burns Cheek in September 1991. He had two daughters
with Debra, complainant, A.B., and her sister, M.B. Appellant had only sporadic contact
with Debra and his daughters. Appellant stayed with Debra, A.B., and M.B. for several days
in May 1997, at which time A.B. was 13 years old. During this stay, appellant stayed at
Debra’s home to watch the girls while their mother was at work. Debra worked as a
bartender from about 7:00 PM to 2:00 AM. On one night during this stay, Debra returned
home to see appellant and A.B. sleeping on a mattress on the living room floor. Appellant
usually slept on the couch during his stays with his ex-wife and daughters. A.B. testified that
she had wanted to sleep in the living room where appellant was so she could talk to him and
watch television because she had not seen him in a while. A.B. placed her mattress on the
floor and she and appellant spoke for a while. A.B. testified that, when she was trying to fall
asleep, appellant rubbed her thigh, kissed her on the cheek, and said, “Daddy loves you.” 
A.B. then testified that appellant touched her privates on the outside, then took her panties
off and penetrated her digitally. Debra testified that after appellant moved out of the house,
she noticed that A.B. was withdrawn and her grades started falling. In September 1999, A.B.
collapsed from an overdose of prescription pills and was hospitalized. When A.B. regained
consciousness in the hospital and was able to speak, she told her mother that appellant had
abused her while they were both lying on the mattress. A.B. underwent therapy for the
incident, speaking to Dr. Perry and Dr. Guttentag regarding it. 
DISCUSSION
Ineffective Assistance of Counsel
           In his first point of error, appellant contends that his trial counsel rendered ineffective
assistance by failing to object to hearsay testimony, specifically the testimony from Debra 
that complainant had told her appellant had sexually assaulted complainant.
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment and (2) but for counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 812;
Gamble, 916 S.W.2d at 93. 
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. Defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813;
Gamble, 916 S.W.2d at 93.
           The record gives no indication of the strategy or reasons behind the decisions of
appellant’s counsel, including trial counsel’s failure to object to the particular testimony of
Debra regarding what complainant told her. This court will not engage in speculation about
counsel’s reasons or strategy. See Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002). We overrule appellant’s first point of error.
Testimony Regarding Complainant’s Truthfulness
           In his second point of error, appellant contends that the trial court erred at two
different times by permitting a psychologist, Dr. Guttentag, to testify that, in her expert
opinion, the complainant was truthful in alleging that appellant sexually assaulted her. 
Appellant contends that Guttentag’s comment that the results of tests suggested that A.B. was
answering questions in an open, nondefensive, and truthful manner was a comment on A.B.’s
truthfulness, as was Guttentag’s testimony that “[t]he primary traumatic experience that
[A.B.] spoke about was her father having molested her.” 
           Appellant correctly states that expert testimony that a particular witness is truthful is
absolutely inadmissible under rule 702. Tex. R. Evid. 702; Yount v. State, 872 S.W.2d 706,
711 (Tex. Crim. App. 1993); see also, Schultz v. State, 957 S.W.2d 52, 59 (Tex. Crim. App.
1997). However, expert testimony that a child did not exhibit the traits of manipulation is
not a direct comment upon the truth of the child’s allegations and thus is admissible. See
Schultz, 957 S.W.3d at 73. Therefore, while an expert is not allowed to directly comment on
a complainant’s “truthfulness,” an expert may testify to behaviors and traits that might be
indicia of manipulation. Id. Here, Guttentag stated that the results of tests administered to
A.B. suggested that she was answering the questions on the tests in an open, nondefensive,
and truthful manner. She limited her comments to A.B.’s answers of the questions on the
examinations and did not attempt to suggest that A.B. was generally truthful. Furthermore,
the jury was instructed that her testimony only went to what the test showed and did not
extend to any other character trait or truthfulness of anything except for the particular test.
           Similarly, Guttentag’s testimony that the primary traumatic experience that A.B. spoke
about --- her father’s having molested her --- was not a comment on A.B.’s truthfulness or
a statement of opinion by an expert as to the truthfulness of A.B.’s claims. This testimony
was elicited from Guttentag in response to a question from the prosecution regarding what
A.B. indicated the cause of her symptoms was. She replied to this direct question without
indicating her belief regarding the credibility of A.B.’s statement, limiting her reply to her
memory of A.B.’s statement. We overrule appellant’s second point of error.
Hearsay Objection
           In his third point of error, appellant contends that the trial court erred by permitting
Guttentag to testify, over a hearsay objection, that appellant promised not to sexually assault
A.B.’s sister if A.B. kept quiet. Dr. Guttentag testified regarding reasons for child victims
of sexual abuse to delay reporting the abuse as follows:
A: One [reason] might be if the child has a fear of what might happen
if they do disclose. Another reason could be that they feel some
amount of self-blame or shame inside about it; and, therefore, they’re
embarrassed or humiliated to talk about what happened to them. They
also could be trying to protect someone else if they were to disclose. 
So those are some of the reasons.
 
Q [Prosecutor]: Were you able to get at any of those types of
reasons with A.B. in your conversations with her?
 
A: I’d have to refer to my notes about exactly what was said.
 
A: I do not have in my notes whether the information I could speak to
came directly from A.B. or her mom. I have something about it in my
report, but I’m not clear as to whether it was something A.B. told me
or mom told me.
 
Q: Did you have information – 
 
A: Yes.
 
Q: – concerning her abuse?
 
A: Yes.
 
Q: And that was?
 
A: And that was that A.B. was reported – 
 
Defense counsel: Object to the hearsay nature of this response.
Court: It’s overruled.
 
A: That A.B. was reportedly told by her father that he would not abuse
her sister M.B. if A.B. kept the abuse a secret.

           At this point, defense counsel moved for a mistrial, which was denied. Appellant
contends that if the statement was made by appellant’s mother, then the statement is purely
inadmissible hearsay and should be barred. Further, appellant contends that if A.B. told
Guttentag that appellant said he would not sexually assault A.B.’s sister if she did not report
appellant’s sexual assault of her, it would still be barred because the statement was not made
in furtherance of any medical diagnosis or treatment and thus would not be saved under rule
803(4). See Tex. R. Evid. 803(4). 
           Rule 803(4) Exception to Hearsay
           Rule 803(4) provides an exception to the hearsay rule for “[s]tatements made for
purposes of medical diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the cause or external
source thereof insofar as reasonably pertinent to diagnosis or treatment.” Tex. R. Evid.
803(4). This exception has been interpreted to include statements by suspected victims of
child abuse as to the source of their injuries. See Puderbaugh v. State, 31 S.W.3d 683, 685
(Tex. App.—Beaumont 2000, pet. ref’d); Beheler v. State, 3 S.W.3d 182, 189 (Tex.
App.—Fort Worth 1999, pet. ref’d). This exception is based on the assumption that the
patient understands the importance of being truthful with the medical personnel involved to
receive an accurate diagnosis and treatment. Beheler, 3 S.W.3d at 188.
           In Sandoval v. State, we held that the statements of a third party related to the
suspected victim of child abuse as to the cause and source of the injuries can be admitted
under rule 803(4) as long as the person making the statement has an interest in proper
diagnosis or treatment. Sandoval v. State, 52 S.W.3d 851, 856-57 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d).
           In the instant case, the statement was made to Guttentag during A.B.’s treatment at
the Child Trauma Program. Guttentag testified that the counselors at the program were
evaluating A.B. for the purpose of getting to know her and what concerns she had and the
concerns of her mother in order to recommend treatment for her. Knowledge of A.B.’s
problems, including emotional issues, whether garnered from A.B. or Debra, would help
determine her future course of treatment. The statement was made for the purpose of
medical diagnosis and falls under the exception contained in rule 803(4) of the Texas Rules
of Evidence. We overrule appellant’s third point of error.
Improper Jury Argument
           In his fourth point of error, appellant asserts that the prosecutor’s statement during his
closing argument, “If you want more evidence than that, there will be no defendant in Harris
County who could be convicted of sexual assault” referred to other cases involving other
defendants and thus was improper jury argument. The State’s argument was:
The documents that you do have, you have the documents from the hospital. 
Those are admissible. You have the documents from the Children’s
Assessment Center, and those are admissible. And you could look through
them and you can see that in both situations she reported to those individuals
she was molested by her father. She said it over and over again. How many
times does this young lady have to say it to be heard? How many times? And
if it was a lie, folks, all those times over and over and over again that she told
people so that the 12 of you would know what he did, how many times does
she have to say it and what other evidence could you possibly expect there to
be? What evidence do you think there’s going to be - - we talked about this in
voir dire - - in a case where a man molested his child in a dark room where no
one else is present and no one else is around? That’s all you have is her telling
you over and over again consistently he did it. If you want more evidence than
that, there will be no defendant in Harris County who could be convicted of
sexual assault. (Emphasis added.)
Defense counsel objected, saying that this statement was outside the law and the evidence. 
This objection was overruled.
           Permissible jury argument falls into one of four categories: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) response to opposing counsel; and
(4) plea for law enforcement. Goff v. State, 931 S.W.2d 537, 547-48 (Tex. Crim. App. 1996). 
We look to three factors to determine if reversal is warranted due to improper jury argument:
(1) the severity and magnitude of the prejudicial effect of the remarks, (2) the measures taken
to cure the misconduct and, (3) the certainty of conviction absent the misconduct. Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).
           The prosecutor’s comment, “If you want more evidence than that, there will be no
defendant in Harris County who could be convicted of sexual assault,” was a proper plea for
law enforcement. The prosecutor was stating that, while all of the testimony was based on
the statements of one witness, the testimony of one witness is enough for a conviction. This
is a correct statement of the law. The prosecutor was also countering the defense argument
that all of the other testimony was based on the statement of just one witness. She argued
that, because in most sexual assault cases there is only one witness, to require more than that
would make the law meaningless. Appellant’s fourth point of error is overruled.CONCLUSION
           We affirm the judgment of the trial court.
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley. 

Publish. Tex. R. App. P. 47.2(b).