Opinion issued April 1, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00775-CR




NAZIR FRENCH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 889,956




MEMORANDUM OPINION

          A jury found appellant, Nazir French, guilty of aggravated sexual assault of a
child


 and assessed punishment at 45 years’ confinement. In three points of error,
appellant contends that (1) the evidence is factually insufficient to support his
conviction, (2) the trial court erred in admitting into evidence the complainant’s
hearsay testimony, and (3) the trial court also erred in admitting into evidence the
rebuttal testimony of the State’s witness, Dr. Jennifer Welch. We affirm.
Background
          In 2000, appellant and the complainant lived with their mother, Rosario Padilla
(Padilla). At the time of the offense, appellant was 20 years old and the complainant,
appellant’s half-brother, was nine years old. Appellant forcibly held the complainant
down and penetrated him anally with his penis. 
          At trial, the complainant testified that, on the night of the offense, he was
asleep in his bedroom when appellant entered and locked the door. The complainant
testified that as he awakened, appellant held him down on his bed, pushed his head
down and covered the complainant’s mouth with his pillow. Appellant then pulled
the complainant’s shorts down and placed his penis in the complainant’s anus. At
some point, Padilla knocked on the locked door and, appellant stopped the assault to
answer the door. When appellant left the room, the complainant, who was naked
from the waist down, told Padilla what had happened. As a result, Padilla took the
complainant, after he showered, to the hospital, where he was interviewed and
examined by police officers and medical personnel. 
          At trial, the State offered the testimony of Harris County Sheriff’s Deputy
James Romine with respect to his hospital interviews with Padilla and the
complainant. Deputy Romaine testified that Padilla reported her suspicions
concerning what had happened to the complainant. Deputy Romaine described
Padilla’s demeanor as “somewhat excited, somewhat angry, . . . upset about
something.”
          Deputy Romine described the complainant as quiet and withdrawn. Deputy
Romine explained that the complainant was reluctant to talk about the assault, but
that he did ultimately relate the details of the assault to him. Specifically, the
complainant told Deputy Romaine that appellant “‘put [appellant’s] privates in
[complainant’s] behind.’” Deputy Romaine further testified that the complainant
reported that, after several minutes of the assault, Padilla knocked on the door,
startling appellant, who then threatened to kill the complainant if he told about the
assault. 
          The State also offered the testimony of Dr. Clifford Mishaw, a pediatrician,
who testified that he examined the complainant because of the complainant’s
allegation that appellant had sexually abused him, by placing appellant’s penis in his
anus. Dr. Mishaw testified that the physical examination of the complainant revealed
two small cracks in the skin adjacent to the opening into the anus, which suggested
trauma to the tissue. Dr. Mishaw further testified that the cracks were consistent with,
but not specific to, the allegations of anal penetration. 
          The State offered the testimony of Brandt Moore, a DNA analyst with the
Harris County Medical Examiner’s office, who testified that his office tested the
sexual-assault evidence gathered during the complainant’s medical exam, along with
known samples of appellant’s blood. Moore testified that the tests indicated the
presence of semen on the swabs taken from the complainant’s skin and buttocks. 
Another DNA analyst for the Harris County Medical Examiner’s office, Katherine
Welch, testified that samples taken from the swabs were compared to the known
DNA types from appellant. Welch testified that the DNA found on the complainant’s
skin and buttock swabs matched the DNA profiles of both appellant and the
complainant. 
          Appellant testified at trial, and he denied the assault. Appellant testified that
the semen from the swab was present because appellant had showered, toweled dry,
masturbated, and then, cleaned himself with the wet towel. Appellant further testified
that, 30 minutes later, the complainant showered and may have used that same wet
towel with semen on it to dry himself off. Appellant denied Padilla’s earlier
testimony that the complainant was naked from the waist down when she entered the
bedroom. Although appellant admitted that Padilla had paid his bond to get him out
of jail and supported him throughout the prosecution, he still testified that she had
lied to get him into trouble. Finally, appellant was impeached with a previous
conviction for tampering with government records. 
Discussion
Factual Sufficiency
          In his first point of error, appellant contends the evidence is factually
insufficient to support his conviction. Specifically, appellant asserts that the
complainant was a reluctant witness and that his testimony was contradictory. 
Moreover, appellant charges that “whatever incriminating testimony [complainant]
gave was the product of prosecutorial pressure.” 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). When conducting our analysis, if there is probative evidence supporting the
verdict, we must avoid substituting our judgment for that of the trier of fact, even
when we disagree with the determination. Id. at 7-9. The trier of fact is the sole
judge of the weight and credibility of the witness’s testimony. Id. at 7. Thus, the
weight to be given contradictory testimony is within the sole province of the jury. 
Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981); Sandoval v. State, 52 S.W.3d
851, 855 (Tex. App.—Houston [1st Dist.] 2001 pet. ref’d). 
          We agree with appellant that the complainant was a reluctant witness, and, at
times, gave conflicting accounts of the event. The complainant had testified that he
did not want to be in court testifying against his brother [appellant]. Initially, he
testified that he could not remember certain events of the assault or having been
interviewed regarding the assault. As a result, the trial court excused the jury and
admonished the complainant about the importance of telling the truth under oath. 
After the prosecutor met with the complainant briefly, the trial court recalled the jury
and the prosecutor resumed direct examination of the complainant. 
          Some of the complainant’s testimony concerning the circumstances
surrounding the assault conflicted with his earlier reports. During his testimony, he
vacillated, denying the assault occurred upon cross-examination by appellant’s trial
counsel, and then, upon re-direct, confirming that appellant had raped him. In
response to the complainant’s reluctant testimony, the State requested permission to
publish a portion of a prior interview of the complainant, conducted by the Children’s
Assessment Center.


 Appellant objected and the trial court overruled his objection.
          On these facts, it is apparent that the complainant was a reluctant witness and
that, at times, his testimony was contradictory. However, the physical evidence
revealed that the complainant suffered injury in the form of two small cracks in the
skin adjacent to the anal opening, consistent to the allegations of anal penetration. 
Additionally, DNA found on the skin and buttock swabs taken from the complainant
matched the DNA profiles of both appellant and the complainant. The weight to be
given to contradictory testimony falls within the sole province of the jury, and, in
doing so, the jury resolved the issue against appellant. Tex. Code Crim. Proc. Ann.
art. 36.13; Sandoval, 52 S.W.3d at 855. 
          Appellant also contends that the complainant’s incriminating testimony was the
product of prosecutorial pressure. As evidence, appellant points to the testimony by
Padilla that the complainant told her, on numerous occasions, that appellant did not
rape him. Padilla also testified that the complainant reported feeling pressured to say
that appellant had raped him. However, Padilla subsequently admitted that the
complainant first told her that he had been raped by appellant before she took him to
the hospital, and, thus, before he spoke to any authorities. 
          In fact, Padilla initially testified that it was while on the way to the doctor that
the complainant told her that appellant had penetrated him from behind. In her earlier
testimony, Padilla stated that she believed the complainant when she took him to the
doctor, and admitted that she became upset and very angry. Further, Padilla admitted
that, when she returned home from the hospital, she kicked appellant out of the house
and refused to allow him near the complainant, conceding that she did so in order to
protect the complainant. 
          Finally, appellant contends that Dr. Mishaw’s testimony concerning the result
of his physical examination was inconclusive. Specifically, appellant asserts that Dr.
Mishaw could not testify as to the exact cause of the physical findings he made. Dr.
Mishaw testified that, in his physical examination of the complainant, he observed
two small cracks in the skin adjacent to the opening into the anus, which were
consistent with, but not specific to, the allegations of anal penetration. It was proper
for the jury to weigh Dr. Mishaw’s credibility and to judge the evidence as it saw fit. 
Johnson, 23 S.W.3d at 8-9. 
          Mindful that the jury is charged with the responsibility of determining witness
credibility and resolving conflicts in the evidence, we are to reverse only if, upon
viewing all of the evidence neutrally, we find that proof of guilt is so obviously weak
as to undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. See Johnson, 23 
S.W.3d at 8-9, 11. In this case, the jury weighed the credibility of the witnesses, and
judged the evidence as it saw fit. See id. at 8-9. We must defer to the fact finder’s
determinations, particularly those that concern the weight and credibility of the
evidence. Id. 
          After viewing the entire record, we conclude that appellant has failed to show
that the verdict is so contrary to the overwhelming weight of evidence as to be
manifestly wrong or unjust or that proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination. Accordingly, we overrule appellant’s first
point of error.
Rule 803(4) Exception to Hearsay 
          In his second point of error, appellant asserts that the trial court reversibly erred
in admitting the hearsay testimony of the complainant. Appellant complains about
a statement given by the complainant to a hospital social worker and documented in
the complainant’s medical record. Specifically, appellant contends that the
complainant’s statement was inadmissible hearsay because (1) the statement was not
made to Dr. Mishaw, but rather to a hospital social worker, and, therefore, did not fall
within the rule 803(4) exception, and, alternatively, (2) the statement did not fall
within the rule 803(6) business record exception.
          We review a trial court’s decision to admit or exclude evidence under an abuse-of-discretion standard; we will thus not reverse a trial court’s ruling unless that ruling
falls outside the zone of reasonable disagreement. Torres v. State, 71 S.W.3d 758,
760 (Tex. Crim. App. 2002); Roberts v. State, 29 S.W.3d 596, 600 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d).
          Rule 803(4) provides an exception to the hearsay rule for “[s]tatements made
for purposes of medical diagnosis or treatment and describing medical history, or past
or present symptoms, pain, or sensations, or the inception or general character of the
cause or external source thereof insofar as reasonably pertinent to diagnosis or
treatment.” Tex. R. Evid. 803(4). This exception has been interpreted to include
statements by suspected victims of child abuse as to the source of their injuries. 
Burns v. State, 122 S.W.3d 434, 438 (Tex. App.—Houston [1st Dist.] 2001, no pet.)
(citing Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet.
ref’d); Beheler v. State, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref’d)). 
This exception is based on the assumption that the patient understands the importance
of being truthful with the medical personnel involved to receive an accurate diagnosis
and treatment. Burns, 122 S.W.3d at 438. Further, the exception extends to the
statements of a third party related to the suspected victim of child abuse as to the
cause and source of the injuries, as long as the person making the statement has an
interest in proper diagnosis or treatment. Id. (citing Sandoval, 52 S.W.3d at 856-57).
          In this case, Padilla took the complainant to the hospital to undergo a sexual-
assault examination. Dr. Mishaw testified that, when a child is admitted to Texas
Children’s Hospital for the purposes of a sexual-assault examination, the standard
procedure followed begins with a social worker taking a history, specifically
regarding the abuse allegations. Next, the social worker shares the history with the
physician, who then obtains a medical history from the parent or the caretaker with
the child. 
          Using all of the information, the physician subsequently decides what the
medical examination will encompass. Dr. Mishaw testified that, for example, the
examination may include a physical examination, completion of an evidence kit, and
evaluation for any sexually-transmitted diseases and treatment of the child. 
Specifically, Dr. Mishaw testified that the histories he described are both necessary
for the diagnosis and treatment of the child. Further, Dr. Mishaw testified that, in
order to treat the child, it was necessary to know what may or may not have happened
to a child or what the child was alleging has happened. 
          During Dr. Mishaw’s testimony in this case, the State offered the complainant’s
medical records from Texas Children’s Hospital. On hearsay grounds, appellant
objected to the introduction of one page of the medical record containing the report
of the social worker, detailing her interview with the complainant about the assault
by appellant. Appellant argued that the social worker was not a health professional,
and thus, that the social worker’s statement did not fall within the rule 803(4) hearsay
exception. In rebuttal, the State asserted that the statement at issue was used for
medical diagnosis and treatment. The trial court overruled appellant’s objection and
admitted the records. 
          On these facts, we hold that the complainant’s statement, given to the hospital
social worker concerning the assault, was admissible under the rule 803(4) exception
for statements made for purposes of medical diagnosis or treatment. See Puderbaugh,
at 685 (upholding decision to allow social worker’s testimony regarding victim’s
statements relating abuse where the State established (1) the medical care component
of the social worker’s sessions with victim and (2) the victim’s awareness of the
purpose of the treatment). 
          The record demonstrates that the complainant was aware that Padilla had taken
him to the hospital for a sexual-assault examination. For the purposes of a sexual-
assault examination, it was standard hospital procedure for a social worker to receive
a history specifically regarding the abuse allegations. Further, Dr. Mishaw expressly
testified that the history obtained by the social worker was necessary for the diagnosis
and treatment of the child. Thus, the record demonstrates that the hospital social
worker, participating as part of a team of medical personnel, obtained a history of the
sexual-abuse allegations in a critical early step necessary for the purposes of the
diagnosis and treatment of a child admitted to undergo a sexual- assault examination.
Accordingly, we overrule appellant’s second point of error. 
Evidence of Suitability for Probation
          In his third point of error, appellant contends that, during the punishment
phase, the trial court reversibly erred in admitting the testimony of psychologist Dr.
Jennifer Welch. Specifically, appellant asserts that he did not put his suitability for
probation at issue in any meaningful way in the punishment phase, and, therefore, that
Dr. Welch’s testimony concerning the problems posed by sex offenders was irrelevant
and inadmissible.
          We again review the trial court’s decision to admit or exclude evidence under
an abuse-of-discretion standard and will not reverse the trial court’s ruling unless that
ruling falls outside the zone of reasonable disagreement. Torres, 71 S.W.3d at 760;
Roberts, 29 S.W.3d at 600.
          Under article 37.07 section 3(a) of the Texas Code of Criminal Procedure, the
State and defendant may both offer evidence during the punishment phase of a trial
as to “any matter the court deems relevant to sentencing.” Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (Vernon Supp. 2004). Determining what is relevant is a
question of what is helpful to the jury in determining the appropriate sentence for a
particular defendant in a particular case. Rogers v. State, 991 S.W.2d 263, 265 (Tex.
Crim. App. 1999); see also Mendiola v. State, 21 S.W.3d 282, 284-85 (Tex. Crim.
App. 2000) (analyzing Rogers). In Peters, we held that suitability for probation can
be relevant to the jury’s recommendation of punishment, even if the opposing party
does not first open the door to it, provided it is helpful to the jury in determining the
appropriate sentence. Peters v. State, 31 S.W.3d 704, 719 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d). 
          During the punishment phase, appellant’s grandmother, Rosa Emilia Cano de
Padilla (de Padilla), testified that appellant deserved probation because he had not
committed the crime. Appellant testified that he would follow any conditions of
probation assessed. Additionally, appellant testified that he was a good candidate for
probation, because “I have never committed a crime or had felonies.”


 Appellant
again denied sexually assaulting the complainant. Appellant testified that he did not
feel that he had done anything wrong and that, because he had not committed the
crime, he had no remorse. Padilla also testified at the punishment phase. Padilla
testified that appellant was a good candidate for probation because “he doesn’t have
a bad record. He’s never done anything.” 
          The State presented the testimony of Dr. Jennifer Welch, director of
psychological services and research at the Children’s Assessment Center and a
registered sex offender treatment provider. When the State sought to elicit testimony
by Dr. Welch with respect to sex offender treatment, appellant objected on rule 403
grounds. The trial court overruled appellant’s objection, noting “I find the probative
value far outweighs the prejudicial value.” The trial court, did, however, grant
appellant a running objection.
          Dr. Welch testified regarding factors that increase the risk that a sex offender
will reoffend. For example, Dr. Welch testified that, when an offender does not
accept responsibility for his offense, it significantly increases the risk that he will
reoffend. Further, Dr. Welch explained that the risk of reoffense increases when the
offender is in an environment where the people around him do not believe that he has
done anything wrong. Upon cross-examination by appellant’s trial counsel, Dr.
Welch indicated that counseling could assist an offender with denial. 
          Appellant’s argument that Dr. Welch’s testimony is irrelevant is without merit. 
During the punishment phase, both appellant and Padilla indicated that he would be
a good candidate for probation because he had done nothing wrong. Dr. Welch
testified that when a sexual offender and those around him deny that he has done
anything wrong, the risk that he will reoffend increases. Thus, we conclude that Dr.
Welch’s testimony regarding difficulties encountered in sex offender treatment was
helpful to the jury in determining the appropriate sentence in this case. Accordingly,
we overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).