NO. 07-05-0293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 22, 2007
_____

ROBERT FRANCIS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2581; HON. DAVID MCCOY, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Robert Francis, Jr. (appellant) appeals his conviction for two counts of sexual assault. Through three issues, he contends that 1) inadmissible hearsay statements made by the victim were admitted, 2) his constitutional right to confront witnesses was violated, and 3) the trial court erred in not instructing the jury to avoid questioning appellant's innocence simply because the victim was testifying via closed-circuit television. We affirm.

## Background

Appellant was indicted on two counts of sexual assault of N.S., who was six years old at the time. N.S. had been counseled by Norma Backs (Backs), a licensed counselor after the incidents. During the counseling sessions, N.S. spoke of the abuse and her fears of appellant. Backs sought to reiterate at trial what was told to her. Appellant objected, contending that the statements were hearsay, that Backs was not listed as an outcry witness, and that they were not of the ilk to be admissible as statements to a doctor disclosed for determining medical treatment. The trial court overruled the objection.

Finally, a pretrial hearing was held to determine whether allowing the victim to testify via closed-circuit television would deny appellant his right to confront her. At the hearing on that matter, Backs iterated, among other things, that requiring the child to personally appear in the courtroom would have "disastrous" consequences on the youth. The evidence further revealed that the child was having nightmares since the assault and was reticent when discussing the attack. The court was also told that appellant had threatened the child with death if she disclosed what occurred and boasted about killing her dog. After hearing this evidence, the trial court ultimately allowed N.S. to testify via closed-circuit television.

## Issue One - Hearsay

Before us, appellant again asserts that the testimony of Backs about what the victim had said was inadmissible because she had not been designated an outcry witness by the State. Yet, there were multiple grounds used at trial to justify admission of the evidence. One involved Texas Rule of Evidence 803(4).

Per Rule 803(4), "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are admissible despite the hearsay rule. TEX. R. EVID. 803(4). This provision encompasses statements by suspected victims of child abuse regarding the source of their injuries. *See Puderbaugh v. State*, 31 S.W.3d 683, 685 (Tex. App.–Beaumont 2000, pet. ref'd); *Beheler v. State*, 3 S.W.3d 182, 188-89 (Tex. App.–Fort Worth 1999, pet. ref'd). More importantly, appellant does not deny this. Nor did he question (via his appellate brief) the trial court's authority to use Rule 803(4) as basis for admitting the evidence. And, because he has not shown why Rule 803(4) did not apply, he failed to establish that the trial court abused its discretion in ruling as it did. So, the issue is overruled.

### *Issue Two - Testimony by Closed-Circuit Television*

Next, appellant contends the trial court violated his Sixth Amendment right to confront the witnesses against him by allowing N.S. to testify by closed-circuit television. We disagree and overrule the issue.

The use of closed-circuit television in situations like that before us is authorized by statute under certain circumstances. TEX. CODE CRIM. PROC. ANN. art. 38.071, §§1, 3 (Vernon 2005). Those circumstances require the trial court to hear evidence and then decide whether 1) the use of the closed-circuit television system is necessary to protect the welfare of the particular child witness, 2) the child witness would be traumatized by the presence of the defendant, and 3) the emotional distress suffered by the child witness in the presence of the defendant is more than mere nervousness or excitement or some

3

reluctance to testify. *Maryland v. Craig*, 497 U.S. 836, 855-56, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); *Hightower v. State*, 822 S.W.2d 48, 51(Tex. Crim. App.1991); *Barnes v. State*, 165 S.W.3d 75, 84 (Tex. App.–Austin 2005, no pet.).

We initially note that though the child was in a room other than the courtroom while testifying, she was nonetheless subjected to rigorous cross-examination and was observed by the judge, the jury and appellant. Furthermore, in making its decision to allow the child to so testify, the trial court had before it evidence that "it would be disastrous for [her] emotionally to have to appear in front of the perpetrator, or alleged perpetrator," that N.S. "was very reluctant to talk . . . initially about what had happened," and that her reluctance stemmed from her having "been threatened by" appellant. Other testimony revealed that 1) appellant told his six-year-old victim about how he liked "killing dogs and little girls," 2) he would kill her if she reported the assault, 3) he had thrown her dog off a bridge, 4) his nonverbal communication would also be "very threatening" to the child, 5) the victim's testifying in the courtroom would hinder her from telling the truth, 6) the victim was yet a very young girl, 7) the child was "displaying some post-traumatic stress disorder symptoms," and 8) she was having severe nightmares. Combined, this evidence illustrates more than mere nervousness, excitement or reluctance to speak if the child was to testify in the presence of appellant. It depicts injurious consequences to the child if forced to confront appellant in a courtroom, or at least a trial court could have reasonably held. Thus, we find no error in the trial court's decision, especially when appellant had pervasive opportunity to and vigorously cross-examined his victim.

### *Issue Three - Jury Instruction*

In his final issue, appellant contends that the trial court erred by failing to instruct the jury that the child's testifying via closed-circuit television should not affect the presumption of innocence to which appellant is entitled. We overrule the issue.

Appellant did not request the instruction. Nor did he cite us to any case obligating the trial court to provide the instruction *sua sponte*. Indeed, the court in *Marx v. State*, 953 S.W.2d 321 (Tex. App.–Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999), a case upon which appellant relies, concluded that "although an additional instruction may have been desirable, Marx did not request a special instruction and the statute did not apprise the court of a duty to give one." *Marx,* 953 S.W.2d at 332. So, having not requested it and the trial court lacking a statutory obligation to afford it *sua sponte*, appellant was not entitled to it, especially when the charge contained the general instruction regarding an accused's presumption of innocence.

Having overruled all issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.