NO.
12-06-00197-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LESTER
SAMUEL WILLIAMS,     §                      APPEAL FROM THE

APPELLANT

 

V.        §                      217TH
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                      


            MEMORANDUM OPINION

            Lester
Samuel Williams appeals his conviction for aggravated sexual assault and sexual
assault.  Appellant raises nine issues on
appeal.  We affirm.

 

Background

            Appellant was charged by indictment
with one count of aggravated sexual assault and one count of sexual
assault.  The victim was Appellant’s
mentally disabled stepdaughter, B.G. 
Appellant had actively molested B.G. when she was between eight and
fourteen years old.  The charges related
to two of many instances of sexual assault perpetrated upon B.G. by Appellant.

            Appellant pleaded not guilty and was
tried before a jury.  The jury found
Appellant guilty on both counts, assessing punishment at eighty years of
imprisonment for the first count and twenty years of imprisonment for the
second count.  The jury fined Appellant
$10,000 for each of the two counts.  This
appeal followed.

 

Admission of Counselor’s Testimony








            Appellant contends that the trial
court erred in admitting the testimony of Ruth Roberts, a licensed professional
counselor, over Appellant’s hearsay objection. 
After the trial court overruled Appellant’s objection, Roberts testified
that “[B.G.] told me she had sex with [Appellant]. . . .”  

            A trial court’s ruling on the
admissibility of evidence is reviewed under an abuse of discretion
standard.  Green v. State,
934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). 
A trial court’s decision on the admissibility of evidence will not be
reversed as long as the decision is within the “zone of reasonable
disagreement.”  Id. at
102.  Absent an abuse of discretion, we
do not reverse a trial court’s decision to admit evidence.  Osbourn v. State, 92 S.W.3d
531, 537 (Tex. Crim. App. 2002).

            Rule 803 of the Texas Rules of
Evidence provides that statements made for the purpose of medical diagnosis or
treatment are excluded from the hearsay rule, even where the declarant is available
as a witness.  Tex. R. Evid. 803(4).  This
rule has been interpreted to include statements made by sexual assault victims
to mental health counselors during the course of mental health counseling for
their assault.  See Puderbaugh v.
State, 31 S.W.3d 683, 685 (Tex. App.–Beaumont 2000, pet. ref’d).  

            Here, Roberts testified that she was
a licensed professional counselor and that she had a master’s degree in
community counseling.  Roberts testified
she had counseled B.G. for four months regarding Appellant’s sexual abuse and
that B.G. understood the purpose of the counseling, despite her mental
disability.  As such, the trial court’s
decision to admit Roberts’s testimony was not an abuse of discretion.  See id.  We overrule Appellant’s first issue.

                                    

Confrontation of Witness

            In his second and third issues,
Appellant complains that he was denied his federal and state constitutional
right to confrontation.  At trial,
Appellant objected to the admission of a videotape interview of B.G.  After conducting an evidentiary hearing, at
which B.G. testified, the trial court sustained the objection.  This videotape was never admitted into
evidence.  The State subsequently chose
not to call B.G. as a witness.  Appellant
now claims that, in the wake of his successful objection, the prosecution was
constitutionally required to call B.G. as a witness so that he could have the
opportunity to cross examine her.  He
argues that, by failing to do so, he was deprived of his constitutional right
of confrontation.

            The Sixth Amendment to the United
States Constitution and article I, section 10 of the Texas Constitution provide
an accused the right to confront his accuser.  U.S. Const., amend. VI; Tex. Const., art. I, § 10.  The Sixth Amendment right of the accused to
confront his accuser is triggered when “testimonial” statements are offered
against the accused.  See Crawford
v. Washington, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d
177 (2004).  Appellant makes no
independent argument related to the Texas Constitution and, therefore, for our
purposes here, we will assume that the protections of the Texas Constitution
are no broader than those of the Sixth Amendment.  See Key v. State, 173
S.W.3d 72, 77 (Tex. App.–Tyler 2005, pet. ref’d).

            Appellant begins his briefing of
this issue by describing his success in preventing the admission of B.G.’s
videotape interview.  Nowhere in
Appellant’s argument does Appellant point out or imply that any testimonial
statements were ever admitted.  Absent
the admission of testimonial statements, there was no witness for Appellant to
cross examine.  See Crawford,
541 U.S. at 51, 124 S. Ct. at 1364; cf. Lowrey v. State, 757
S.W.2d 358, 358-59 (Tex. Crim. App. 1988) (holding that right to confront was
violated where videotape interview of victim was admitted into evidence and
defendant was not afforded a meaningful opportunity to cross examine the
victim).  Therefore, Appellant was not
denied the right to cross examine.[1]  See Crawford, 541 U.S. at 51, 124
S. Ct. at 1364.  We overrule Appellant’s
second and third issues.

 

Legal and Factual Sufficiency of the Evidence

            In
his fourth and fifth issues, Appellant contends that the evidence was legally
and factually insufficient to support his conviction for aggravated sexual
assault.  In his sixth and seventh
issues, Appellant contends the evidence was legally and factually insufficient
to support his conviction for sexual assault.

Standard
of Review

            The Due Process Clause of the
Fourteenth Amendment requires that evidence be legally sufficient to sustain a
criminal conviction.  Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d
560 (1979).  Evidence is legally
sufficient when an appellate court, viewing the evidence in the light most
favorable to the judgment, determines that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789).  We must bear in mind that
the jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes v. State, 876 S.W.2d 316, 321
(Tex. Crim. App. 1994).  The jury is
entitled to draw reasonable inferences from the evidence.  Dudley v. State, 205 S.W.3d 82,
86-87 (Tex. App.–Tyler 2006, no pet.). 
Likewise, reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 

            In conducting a factual sufficiency
review of the evidence, we must first assume that the evidence is legally
sufficient under the Jackson standard.  See Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact.  See Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997). 
A verdict will be set aside “only if the evidence supporting guilt is so
obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence, as to render the conviction clearly wrong and manifestly
unjust.”  Ortiz v. State,
93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 
A clearly wrong and manifestly unjust verdict occurs where the jury’s
finding “shocks the conscience” or “clearly demonstrates bias.”  Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004).  The fact that we
might harbor a subjective level of reasonable doubt is not enough to overturn a
conviction that is founded on legally sufficient evidence.  See Watson v. State, 204
S.W.3d 404, 417 (Tex. Crim. App. 2006).  

            Although we are authorized to
disagree with the jury’s determination, even if probative evidence exists that
supports the verdict, see Clewis, 922 S.W.2d at 133, our
evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  Dudley, 205
S.W.3d at 89.  We cannot declare that a
conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of the conflict.  See
Watson, 204 S.W.3d at 417.

Discussion

            As charged in the first count of the
indictment, the State had to prove that, on or about February 15, 2002,
Appellant intentionally or knowingly caused the penetration of the female
sexual organ of B.G., a child who was younger than 14 years of age and not
Appellant’s spouse, by Appellant’s sexual organ.  As charged in the second count of the
indictment, the State had to prove that, on or about January 30, 2005,
Appellant intentionally or knowingly caused the penetration of the female
sexual organ of B.G., a child who was younger than 17 years of age and not
Appellant’s spouse, by Appellant’s sexual organ.  Both counts of the indictment accurately set
forth the elements necessary, at the relevant times, to support a conviction
for aggravated sexual assault (Count I) and sexual assault (Count II).[2]  See Tex.
Penal Code Ann. § 22.021
(Vernon Supp. 2006) (Count I); Tex.
Penal Code Ann. § 22.011 (Vernon Supp. 2006) (Count II).  The
“on or about” language in the indictment allows the State to prove a date other
than the one alleged in the indictment, as long as the date is anterior to the
presentment of the indictment and within the statutory limitation period. See
Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  B.G. turned fourteen before the presentment
of the indictment.  Therefore, as to
Count I, the State was restricted to a period ending on B.G.’s fourteenth
birthday.








            At trial, Nancy Bryan, B.G.’s
teacher, testified that B.G. told her Appellant had raped her.  A sexual assault nurse examiner (SANE nurse)
testified that B.G. told her Appellant had penetrated her sexual organ with his
sexual organ, and that Appellant had sex with her more than once when they
lived in Zavalla, Texas.  She also
testified that B.G. used a diagram to indicate that Appellant had “touched” her
breast and her genital area.  A
subsequent medical examination of B.G. indicated “traumatic penetration,” which
was consistent with someone having had sexual intercourse with B.G.  Ruth Roberts, B.G.’s counselor, testified
that B.G. told her she had had sex with Appellant.  Appellant’s own son testified that he once
saw Appellant touching B.G. with his hand under her shirt.

            W.S. and B.S., B.G.’s friends,
testified that B.G. told them Appellant had sex with her when she was
thirteen.  Zavalla Police Chief Bobby
Epperly testified that his investigation established Appellant had sexually
assaulted B.G. in Zavalla when B.G. was eleven, and that Appellant also sexually
assaulted B.G. when she was fourteen years of age.  Epperly explained that the dates were
established by correlating the residences in Zavalla where the assaults
occurred with the time during which Appellant and his family lived at each
residence.  Epperly stated that he based
his calculations on his discussion of the case with B.G.  This evidence supports a finding that
Appellant was under fourteen years of age when the sexual assault alleged in
Count I occurred.

            Appellant called three
witnesses:  his brother, Vernon Williams,
his sister, Mary Moreland, and his niece, Viry Nash.  Each essentially testified that they had not
witnessed any signs of abuse and that Appellant was a good father to B.G.  Also, in contradiction to the State’s
witnesses, they each denied that it was possible to lock the door to the room
in which some of the sexual assaults were alleged to have occurred.

            Appellant also testified in his own
defense.  He denied the allegations of
sexual assault.  When asked why B.G.
would have made such allegations, Appellant suggested that she might have done
so in the hope that she could then move in with her grandmother or aunt.  Appellant testified that he had been opposed
to such a move.  He also suggested that
CPS (Child Protective Services) may have manipulated her into making the
allegations.  At one point, he suggested
that there might also be a conspiracy between CPS and Texas Home Health, an
agency that had been supplying home health nurses to his home.  Likewise, he suggested that Chief Epperly
might have a vendetta against him because of a childhood dispute between
them.  As to the physical evidence of
penetration, Appellant did not deny the evidence, but, instead, was of the
opinion that the penetration could have been caused by B.G. having sex with
someone other than himself.  In this
regard, Appellant had no knowledge of such an incident, but argued that parents
are not always aware of their child’s sexual activities.

            Where there is conflicting evidence,
the jury’s verdict on such matters is generally regarded as conclusive.  See Dudley, 205 S.W.3d at
89.  Here, the jury resolved the
conflicts in the evidence in favor of the State.  Based upon our review of the record and our
application of the appropriate standards of review, we hold that the evidence
was both legally and factually sufficient for a jury to have found that
Appellant committed both aggravated sexual assault and sexual assault.  We overrule Appellant’s fourth, fifth, sixth,
and seventh issues.

 

Denial of Motion for Directed Verdict

            In his eighth issue, Appellant
contends the trial court erred in denying his motion for a directed verdict
regarding the aggravated sexual assault count. 
The standard of review applicable to a motion for directed verdict is
the same as that for reviewing legal sufficiency of the evidence.  Havard v. State, 800 S.W.2d
195, 199 (Tex. Crim. App. 1989).  We have
already held that the evidence was legally sufficient to support Appellant’s
conviction.  Therefore, we hold that the
trial court did not err in denying Appellant’s motion for a directed
verdict.  We overrule Appellant’s eighth
issue.

 

Missing Voir Dire Record

            In his ninth issue, Appellant
complains that voir dire was not recorded by the court reporter due to a
mechanical malfunction.  Texas Rule of
Appellate Procedure 34.6(f) reads as follows:

 

An appellant is entitled to a new trial under the
following circumstances:

 

(1)           if the appellant has timely requested
a reporter’s record;

 

(2)           if, without the appellant’s fault, a
significant exhibit or a significant portion of the court reporter’s notes and
records has been lost or destroyed or--if the proceedings were electronically
recorded--a significant portion of the recording has been lost or destroyed or
is inaudible;

 

(3)           if the lost, destroyed, or inaudible
portion of the reporter’s record, or the lost or destroyed exhibit, is
necessary to the appeal’s resolution; and

 

(4)           if the lost, destroyed or inaudible
portion of the reporter’s record cannot be replaced by agreement of the
parties, or the lost or destroyed exhibit cannot be replaced either by
agreement of the parties or with a copy determined by the trial court to
accurately duplicate with reasonable certainty the original exhibit.

 

 

Tex. App. R. 34.6(f).  Where an appellant may meet the other
requirements of Rule 34.6(f), but fails to show the missing portion of the
record is necessary to his appeal’s resolution, a new trial is not
required.  See Routier v. State,
112 S.W.3d 554, 571-72 (Tex. Crim. App. 2003); Issac v. State,
989 S.W.2d 754, 757 (Tex. Crim App. 1999). The question of whether a missing
portion of the reporter’s record is necessary to the appeal’s resolution is
essentially a harm analysis. Issac, 989 S.W.2d at 757.  If the missing portion of the record is not
necessary to the appeal’s resolution, then the loss of that portion of the
record is harmless and a new trial is not required.  Id.

            Appellant admits in his brief that
he cannot currently discern any potential reversible error that occurred during
voir dire.  Therefore, Appellant has
failed to show that the missing portion of the record is necessary to his
appeal.  See id.  We overrule Appellant’s ninth issue.

 

Disposition

            We affirm the judgment
of the trial court. 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered August 8, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

            

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] In Long v. State, 742 S.W.2d 302, 320 (Tex. Crim. App.
1987) (plurality op.), the court of criminal appeals stated that “[requiring]
the defendant to call his accuser if he wants to question [the accuser] . . .
places the defendant in the proverbial Catch-22 . . . .  Either way[,] the defendant is placed at a
distinct and undue disadvantage.”  We
note, however, that Long involved an instance where a videotape
statement was admitted without the declarant being called as a witness.  Therefore, Long is
distinguishable from the facts presented here.





[2] The language of the relevant sections of the Penal Code was amended
several times during the applicable time period.  Because the language pertinent to our review
has remained substantially the same, we cite the current versions of those
sections.